## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK
## ALBANY DIVISION

| | |
|---|---|
| **STATE OF WEST VIRGINIA, STATE OF ALABAMA, STATE OF ARKANSAS, STATE OF GEORGIA, STATE OF IDAHO, STATE OF IOWA, STATE OF KANSAS, COMMONWEALTH OF KENTUCKY, STATE OF LOUISIANA, STATE OF MISSISSIPPI, STATE OF MISSOURI, STATE OF MONTANA, STATE OF NEBRASKA, STATE OF NORTH DAKOTA, STATE OF OHIO, STATE OF OKLAHOMA, STATE OF SOUTH CAROLINA, STATE OF SOUTH DAKOTA, STATE OF TENNESSEE, STATE OF TEXAS, STATE OF UTAH, STATE OF WYOMING, WEST VIRGINIA COAL ASSOCIATION, GAS AND OIL ASSOCIATION OF WEST VIRGINIA, INC., AMERICA'S COAL ASSOCIATIONS, and ALPHA METALLURGICAL RESOURCES, INC.,** | Civil Action No. <u>1:25-CV-00168 (BKS/DJS)</u><br><br>**ANSWER** |
| *Plaintiffs,* | |
| v. | |
| **LETITIA JAMES**, in her official capacity as the Attorney General of New York, **SEAN MAHAR**, in his official capacity as Interim Commissioner of the New York State Department of Environmental Conservation, and **AMANDA HILLER**, in her official capacity as the Acting Tax Commissioner of the New York State Department of Taxation and Finance, | |
| *Defendants.* | |

Defendants Letitia James, in her official capacity as the Attorney General of New York, Amanda Lefton,[1] in her official capacity as Acting Commissioner of the New York State Department of Environmental Conservation ("DEC"), and Amanda Hiller, in her official capacity as the Acting Tax Commissioner of the New York State Department of Taxation and Finance (collectively "Defendants"), by and through their attorney the New York State Office of the Attorney General, for their answer to the Complaint, filed February 6, 2025, allege and state as follows:

1.      Deny the allegations in the first sentence of Paragraph 1. The remaining allegations are Plaintiffs' characterizations of the Climate Change Superfund Act (the "Act"). Defendants respectfully refer the Court to the Act as the best evidence and most complete statement of its contents, meaning and effect, and deny the remaining allegations to the extent they are incomplete or inconsistent with the Act.

2.      Deny the allegations in the first sentence of Paragraph 2. Regarding the allegations in the second and third sentences, respectfully refer the Court to the Act as the best evidence and most complete statement of its contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent with the Act. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

3.      As to the allegations set forth in Paragraph 3, respectfully refer

---

[1] At the time Plaintiffs filed this case, Sean Mahar was the Interim Commissioner of DEC.

the Court to the Act as the best evidence and most complete statement of its contents, meaning and effect, deny the allegations to the extent they are incomplete or inconsistent with the Act, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

4.      Paragraph 4 states legal conclusions to which no response is required. To the extent a response is required, respectfully refer the Court to U.S. CONST. Art. I, § 8, cl. 3 as the best evidence and most complete statement of its contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

5.      Paragraph 5 states legal conclusions to which no response is required. To the extent a response is required, respectfully refer the Court to the Clean Air Act as the best evidence and most complete statement of its contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

6.      Paragraph 6 states legal conclusions to which no response is required. To the extent a response is required, respectfully refer the Court to the cited caselaw as the best evidence and most complete statement of its contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

7.      Paragraph 7 states legal conclusions to which no response is required. To the extent a response is required, respectfully refer the Court to

the cited caselaw as the best evidence and most complete statement of its contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

8.    Paragraph 8 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

9.    Paragraph 9 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

10.    Paragraph 10 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

11.    Paragraph 11 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

12.    Paragraph 12 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

13.    Paragraph 13 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

14.    Paragraph 14 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

15.    Paragraph 15 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

16.    Paragraph 16 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

17.    Paragraph 17 is a statement of the relief sought by Plaintiffs to

which no response is required. To the extent a response is required, the allegations are denied.

## PARTIES

### Plaintiffs

18.    As to the allegations set forth in Paragraph 18, admit Plaintiff State of West Virginia is a sovereign State of the United States of America, admit that John B. McCuskey is the Attorney General of West Virginia, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

19.    As to the allegations set forth in Paragraph 19, admit Plaintiff State of Alabama is a sovereign State of the United States of America, admit that Steve Marshall is the Attorney General of Alabama, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

20.    As to the allegations set forth in Paragraph 20, admit Plaintiff State of Arkansas is a sovereign State of the United States of America, admit that Tim Griffin is the Attorney General of Arkansas, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

21.    As to the allegations set forth in Paragraph 21, admit Plaintiff State of Georgia is a sovereign State of the United States of America, admit that Christopher M. Carr is the Attorney General of Georgia, and deny knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

22.     As to the allegations set forth in Paragraph 22, admit Plaintiff State of Idaho is a sovereign State of the United States of America, admit that Raul R. Labrador is the Attorney General of Idaho, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

23.     As to the allegations set forth in Paragraph 23, admit Plaintiff State of Iowa is a sovereign State of the United States of America, admit that Brenna Bird is the Attorney General of Iowa, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

24.     As to the allegations set forth in Paragraph 24, admit Plaintiff State of Kansas is a sovereign State of the United States of America, admit that Kris W. Kobach is the Attorney General of Kansas, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

25.     As to the allegations set forth in Paragraph 25, admit Plaintiff State of Kentucky is a sovereign State of the United States of America, admit that Russell M. Coleman is the Attorney General of Kentucky, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

26.     As to the allegations set forth in Paragraph 26, admit Plaintiff State of Louisiana is a sovereign State of the United States of America, admit that Elizabeth B. Murrill is the Attorney General of Louisiana, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

27.     As to the allegations set forth in Paragraph 27, admit Plaintiff State of Mississippi is a sovereign State of the United States of America, admit that Lynn Fitch is the Attorney General of Mississippi, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

28.     As to the allegations set forth in Paragraph 28, admit Plaintiff State of Missouri is a sovereign State of the United States of America, admit that Andrew Bailey is the Attorney General of Missouri, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

29.     As to the allegations set forth in Paragraph 29, admit Plaintiff State of Montana is a sovereign State of the United States of America, admit that Austin Knudsen is the Attorney General of Montana, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

30.     As to the allegations set forth in Paragraph 30, admit Plaintiff State of Nebraska is a sovereign State of the United States of America, admit

that Michael T. Hilgers is the Attorney General of Nebraska, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

31.     As to the allegations set forth in Paragraph 31, admit Plaintiff State of North Dakota is a sovereign State of the United States of America, admit that Drew Wrigley is the Attorney General of North Dakota, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

32.     As to the allegations set forth in Paragraph 32, admit Plaintiff State of Ohio is a sovereign State of the United States of America, admit that Dave Yost is the Attorney General of Ohio, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

33.     As to the allegations set forth in Paragraph 33, admit Plaintiff State of Oklahoma is a sovereign State of the United States of America, admit that Gentner Drummond is the Attorney General of Oklahoma, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

34.     As to the allegations set forth in Paragraph 34, admit Plaintiff State of South Carolina is a sovereign State of the United States of America, admit that Alan Wilson is the Attorney General of South Carolina, and deny knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in this paragraph.

35.    As to the allegations set forth in Paragraph 35, admit Plaintiff State of South Dakota is a sovereign State of the United States of America, admit that Marty Jackley is the Attorney General of South Dakota, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

36.    As to the allegations set forth in Paragraph 36, admit Plaintiff State of Tennessee is a sovereign State of the United States of America, admit that Jonathan Skrmetti is the Attorney General and Reporter of Tennessee, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

37.    As to the allegations set forth in Paragraph 37, admit Plaintiff State of Texas is a sovereign State of the United States of America, admit that Ken Paxton is the Attorney General of Texas, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

38.    As to the allegations set forth in Paragraph 38, admit Plaintiff State of Utah is a sovereign State of the United States of America, admit that Derek E. Brown is the Attorney General of Utah, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

39.    As to the allegations set forth in Paragraph 39, admit Plaintiff

State of Wyoming is a sovereign State of the United States of America, admit that Bridget Hill is the Attorney General of Wyoming, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

40.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40.

41.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41.

42.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.

43.    As to the allegations in Paragraph 43, deny that the Act is "unlawful" and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

44.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

**Defendants**

45.    Admit that Letitia James is the Attorney General of the State of New York. The remaining allegations in Paragraph 45 state legal conclusions to which no response is required. To the extent a response is required, respectfully refer the Court to the Act as the best evidence and most complete statement of its contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent with the Act.

46.     Deny that Sean Mahar is currently the Interim Commissioner of the New York State Department of Environmental Conservation and affirmative aver that Amanda Lefton is the Acting DEC Commissioner. The remaining allegations in Paragraph 46 state legal conclusions to which no response is required. To the extent a response is required, respectfully refer the Court to the Act as the best evidence and most complete statement of its contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent with the Act.

47.     Admit that Amanda Hiller is the Acting Tax Commissioner of the New York State Department of Taxation and Finance. The remaining allegations in Paragraph 47 state legal conclusions for which no response is required. To the extent a response is required, respectfully refer the Court to the Act as the best evidence and most complete statement of its contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent with the Act.

## JURISDICTION AND VENUE

48.     Paragraph 48 states legal conclusions to which no response is required. To the extent a response is required, respectfully refer the Court to the cited statutes as the best evidence and most complete statement of their contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

49.     Paragraph 49 states legal conclusions to which no response is

required. To the extent a response is required, respectfully refer the Court to the cited statutes and caselaw as the best evidence and most complete statement of their contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

50.    Admit that Defendants maintain offices and conduct business in the Northern District of New York. The remaining allegations in Paragraph 50 state legal conclusions to which no response is required. To the extent a response is required, respectfully refer the Court to the cited statutes and caselaw as the best evidence and most complete statement of their contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

51.    Paragraph 51 states legal conclusions to which no response is required. To the extent a response is required, respectfully refer the Court to the cited statutes as the best evidence and most complete statement of their contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

## STANDING

52.    Paragraph 52 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

53.     Paragraph 53 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

54.    Paragraph 54 states legal conclusions to which no response is

required. To the extent a response is required, the allegations are denied.

55.     Paragraph 55 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

56.     Paragraph 56 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

57.     Paragraph 57 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

58.     Paragraph 58 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

59.     Paragraph 59 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

60.     Paragraph 60 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

61.     Paragraph 61 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

62.     The first and last sentences of Paragraph 62 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

63.     As to the allegations in Paragraph 63, deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence, and deny the remainder of the allegations.

64.     As to the allegations in Paragraph 64, deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence and deny the remainder of the allegations.

65.     Paragraph 65 states a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

66.     The first and last sentences of Paragraph 66 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 66.

67.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67.

68.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68.

69.     The first and last sentences of Paragraph 69 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 69.

70.     The first sentence of Paragraph 70 states a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 70.

71.     The first sentence of Paragraph 71 states a legal conclusion to

which no response is required. To the extent a response is required, the allegations are denied. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 71.

72.    Deny the allegations in the first and last sentences of Paragraph 72. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 72.

73.    The first and last sentences of Paragraph 73 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 73.

74.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 74. Deny the remaining allegations contained in this paragraph.

75.    Paragraph 75 states a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

76.    Paragraph 76 states legal conclusions and Plaintiffs' claims for relief, to which no response is required. To the extent a response is required, the allegations are denied.

77.    The first and last sentences of Paragraph 77 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The remaining allegations in Paragraph 77 are Plaintiffs' characterization of the Act to which no response is required. To the

extent a response is required, respectfully refer the Court to the Act as the best evidence and most complete statement of its contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

78.    The first sentence of Paragraph 78 states a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

79.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations in sentences two and three of Paragraph 79. The remainder of Paragraph 79 states legal conclusions and Plaintiffs' claims for relief, to which no response is required. To the extent a response is required, the allegations are denied.

## FACTUAL ALLEGATIONS

80.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 80.

81.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 81.

82.    As to the allegations stated in Paragraph 82, respectfully refer the Court to the cited statutes as the best evidence and most complete statement of their contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth

in this paragraph.

83.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 83.

84.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 84.

85.    As to the allegations stated in Paragraph 85, respectfully refer the Court to the cited caselaw as the best evidence and most complete statement of its contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

86.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 86.

87.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 87.

88.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 88.

89.    Paragraph 89 states legal conclusions and Plaintiffs' characterization of the Clean Air Act and caselaw, to which no response is required. To the extent a response is required, respectfully refer the Court to the Clean Air Act and cited caselaw as the best evidence and most complete statement of their contents, meaning and effect, and deny the allegations to the

extent they are incomplete or inconsistent therewith.

90. Paragraph 90 states legal conclusions and Plaintiffs' characterization of the Clean Air Act and caselaw, to which no response is required. To the extent a response is required, respectfully refer the Court to the Clean Air Act and cited caselaw as the best evidence and most complete statement of their contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

91. As to Paragraph 91, deny the allegations in the first sentence, deny knowledge or information sufficient to from a belief as to the truth of the allegations in the second sentence, respectfully refer the Court to the cited transcript as the best evidence and most complete statement of its contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

92. As to the allegations set forth in Paragraph 92, respectfully refer the Court to the Act as the best evidence and most complete statement of its contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

93. As to the allegations set forth in Paragraph 93, respectfully refer the Court to the Act as the best evidence and most complete statement of its contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

94. As to the allegations set forth in Paragraph 94, respectfully refer

the Court to the Act as the best evidence and most complete statement of its contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

95.    As to the allegations set forth in Paragraph 95, respectfully refer the Court to the Act as the best evidence and most complete statement of its contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

96.    As to the allegations set forth in Paragraph 96, respectfully refer the Court to the Act as the best evidence and most complete statement of its contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

97.    As to the allegations set forth in Paragraph 97, respectfully refer the Court to the Act as the best evidence and most complete statement of its contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

98.    As to the allegations in Paragraph 98, deny Plaintiffs' characterization of the cost recovery demand as a "penalty," and deny that the Act imposes "severe" and "arbitrary penalties." Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth and fifth sentences of this paragraph. As to the remaining allegations, respectfully refer the Court to the Act and referenced press release as the best evidence and most complete statement of their contents, meaning and effect, and deny the

allegations to the extent they are incomplete or inconsistent therewith.

99.    As to the allegations set forth in Paragraph 99, deny Plaintiffs' characterization of the cost recovery demand as a "punishment." Respectfully refer the Court to the Act as the best evidence and most complete statement of its contents, meaning and effect, and deny the remaining allegations to the extent they are incomplete or inconsistent therewith.

100.    As to the allegations set forth in Paragraph 100, respectfully refer the Court to the Act as the best evidence and most complete statement of its contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

101.    As to the allegations set forth in Paragraph 101, deny the first sentence, as the Amendments to the Act, dated February 28, 2025 (the "Chapter Amendments") amended the Act to remove the reference to the $3 billion per year assessment, deny the allegation in the second sentence, respectfully refer the Court to the referenced sections of the Act, legislative findings, and transcript as the best evidence and most complete statement of their contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

102.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 102. As to the remaining allegations set forth in this paragraph, respectfully refer the Court to the Act as the best evidence and most complete statement of its contents,

meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

103.    Deny the allegations in Paragraph 103. The Chapter Amendments amended ECL § 76-0103(3) to, among other things, remove reference to the greenhouse gas equivalencies for coal, crude oil, and fuel gases described in Plaintiffs' allegations. Respectfully refer the Court to the Act as the best evidence and most complete statement of its contents, meaning and effect.

104.    As to the allegations set forth in Paragraph 104, respectfully refer the Court to the Act as the best evidence and most complete statement of its contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

105.    Deny the allegations contained in Paragraph 105. The Chapter Amendments amended the "applicable payment date" as defined in ECL § 76-0101(1) and repealed ECL § 76-0103(3)(h). Respectfully refer the Court to the Act as the best evidence and most complete statement of its contents, meaning and effect.

106.    As to the allegations set forth in Paragraph 106, deny Plaintiffs' characterization of the cost recovery payments as "penalties," respectfully refer the Court to the Act as the best evidence and most complete statement of its contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

107.    As to the allegations set forth in Paragraph 107, respectfully refer

the Court to the Act as the best evidence and most complete statement of its contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

108.    Deny knowledge or information sufficient to form a belief as to the allegations in the first sentence of Paragraph 108. As to the remaining allegations, respectfully refer the Court to the referenced press release as the best evidence and most complete statement of its contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

## CLAIMS FOR RELIEF

## COUNT I

109.    Defendants repeat and reallege each and every response made to paragraphs 1 through 108 with the same force and effect as if set forth in this paragraph.

110.    As to the allegations set forth in Paragraph 110, respectfully refer the Court to the Supremacy Clause and cited caselaw as the best evidence and most complete statement of their contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

111.    As to the allegations set forth in Paragraph 111, respectfully refer the Court to the U.S. Constitution and cited caselaw as the best evidence and most complete statement of their contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith. Further,

the allegations in this paragraph contain legal argument, to which no response is required. To the extent a response is required, the allegations are denied.

112.    As to the allegations set forth in Paragraph 112, respectfully refer the Court to the cited caselaw as the best evidence and most complete statement of their contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith. Further, the allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

113.    The allegations set forth in Paragraph 113 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

114.    The allegations set forth in Paragraph 114 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

115.    The allegations set forth in Paragraph 115 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

116.    As to the allegations set forth in Paragraph 116, respectfully refer the Court to cited caselaw as the best evidence and most complete statement of its contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

117.    The allegations set forth in Paragraph 117 contain legal

conclusions to which no response is required. To the extent a response is required, the allegations are denied.

118.    The allegations in Paragraph 118 contain legal argument to which no response is required. To the extent a response is required, the allegations are denied.

119.    The allegations in Paragraph 119 contain legal argument to which no response is required. To the extent a response is required, the allegations are denied.

120.    The allegations in Paragraph 120 contain legal argument to which no response is required. To the extent a response is required, the allegations are denied.

121.    The allegations in Paragraph 121 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

122.    As to the allegations in Paragraph 122, respectfully refer the Court to cited caselaw as the best evidence and most complete statement of its contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith. Further, the allegations in this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, deny the allegations in this paragraph.

123.    As to the allegations set forth in Paragraph 123, deny that the Act "has an ill-defined 'nexus' requirement." Deny knowledge or information

sufficient to form a belief as to the allegations in the third, fourth and fifth sentences in this paragraph. As to the remaining allegations in this paragraph, respectfully refer the Court to the Act as the best evidence and most complete statement of its contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

124.    The allegations set forth in Paragraph 124 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

125.    The allegations set forth in Paragraph 125 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

126.    The allegations set forth in Paragraph 126 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

127.    Paragraph 127 states legal conclusions and Plaintiffs' statement of their requested relief, to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT II

128.    Defendants repeat and reallege each and every response made to paragraphs 1 through 127 with the same force and effect as if set forth in this paragraph.

129.    As to the allegations set forth in Paragraph 129, respectfully refer

the Court to the Supremacy Clause as the best evidence and most complete statement of its contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

130.    As to the allegations set forth in Paragraph 130, respectfully refer the Court to the cited caselaw as the best evidence and most complete statement of its contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith. Further, the allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

131.    As to the allegations set forth in Paragraph 131, respectfully refer the Court to the Clean Air Act and cited caselaw as the best evidence and most complete statement of their contents, meaning and effect. Further, the allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

132.    As to the allegations set forth in Paragraph 132, respectfully refer the Court to the Clean Air Act and cited caselaw as the best evidence and most complete statement of their contents, meaning and effect. Further, the allegations in this paragraph contain legal argument and conclusions to which no response is required. To the extent a response is required, the allegations are denied.

133.    The allegations set forth in Paragraph 133 contain legal conclusions to which no response is required. To the extent a response is

required, the allegations are denied.

134.    The allegations set forth in Paragraph 134 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

135.    The allegations set forth in Paragraph 135 contain legal argument and legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

136.    The allegations set forth in Paragraph 136 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

137.    Paragraph 137 states legal conclusions and Plaintiffs' statement of their requested relief, to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT III

138.    Defendants repeat and reallege each and every response made to paragraphs 1 through 137 with the same force and effect as if set forth in this paragraph.

139.    As to the allegations set forth in Paragraph 139, respectfully refer the Court to the Commerce Clause and cited caselaw as the best evidence and most complete statement of their contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith. Further, the allegations in this paragraph contain legal argument to which no response

is required. To the extent a response is required, the allegations are denied.

140.    Paragraph 140 states legal argument and legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

141.    The allegations set forth in the first and second sentences of Paragraph 141 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Deny knowledge or information sufficient to form a belief as to the allegations in the third, fourth, fifth, and sixth sentences of Paragraph 141. With regard to the allegations in the last sentence of Paragraph 141, respectfully refer the Court to the referenced transcript as the best evidence and most complete statement of its contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

142.    The allegations in the first sentence of  Paragraph 142 contain legal argument and legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. As to the remaining allegations in Paragraph 142, respectfully refer the Court to the cited statute and press release as the best evidence and most complete statement of their contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

143.    As to the allegations in Paragraph 143, respectfully refer the Court to the Act as the best evidence and most complete statement of its contents,

meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith. Further, the allegations in this paragraph contain legal argument and conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

144.    Paragraph 144 states legal argument and legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

145.    Paragraph 145 states legal argument and legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

146.    As to the allegations set forth in Paragraph 146, respectfully refer the Court to the Commerce Clause and cited caselaw as the best evidence and most complete statement of their contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith. Further, the allegations in this paragraph contain legal argument to which no response is required. To the extent a response is required, the allegations are denied.

147.    The allegations set forth in Paragraph 147 contain legal conclusions and legal argument to which no response is required. To the extent a response is required, the allegations are denied.

148.    Paragraph 148 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

149.    Paragraph 149 states legal conclusions and Plaintiffs' statement of

their requested relief, to which no response is required. To the extent a response is required, the allegations are denied.

**COUNT IV**

150.    Defendants repeat and reallege each and every response made to paragraphs 1 through 149 with the same force and effect as if set forth in this paragraph.

151.    As to the allegations set forth in Paragraph 151, respectfully refer the Court to the Due Process Clause of the Fourteenth Amendment as the best evidence and most complete statement of its contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

152.    As to the allegations set forth in Paragraph 152, respectfully refer the Court to the Due Process Clause of the Fourteenth Amendment and the cited caselaw as the best evidence and most complete statement of their contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

153.    As to the allegations set forth in Paragraph 153, respectfully refer the Court to the Due Process Clause and the cited caselaw as the best evidence and most complete statement of their contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

154.    Paragraph 154 contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

155.    The allegations set forth in Paragraph 155 contain legal argument

and legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

156.    The allegations set forth in Paragraph 156  contain legal argument and legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

157.    The allegations set forth in Paragraph 157 contain legal argument and legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

158.    The allegations set forth in Paragraph 158 contain legal argument and legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

159.    The allegations set forth in Paragraph 159 contain legal argument and legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

160.    The allegations set forth in Paragraph 160 contain legal argument and legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

161.    The allegations set forth in Paragraph 161 contain legal argument and legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

162.    The allegations set forth in Paragraph 162 contain legal conclusions to which no response is required. To the extent a response is

required, the allegations are denied.

163.    Paragraph 163 states legal conclusions and Plaintiffs' statement of
their requested relief, to which no response is required. To the extent a response
is required, the allegations are denied.

### CLAIM V

164.    Defendants repeat and reallege each and every response made to
paragraphs 1 through 163 with the same force and effect as if set forth in this
paragraph.

165.    As to the allegations set forth in Paragraph 165, respectfully refer
the Court to the Due Process Clause of the New York State Constitution and
cited caselaw as the best evidence and most complete statement of their
contents, meaning and effect, and deny the allegations to the extent they are
incomplete or inconsistent therewith.

166.    As to the allegations set forth in Paragraph 166, respectfully refer
the Court to the Due Process Clause of the New York State Constitution and
cited caselaw as the best evidence and most complete statement of their
contents, meaning and effect, and deny the allegations to the extent they are
incomplete or inconsistent therewith.

167.    Paragraph 167 states legal argument to which no response is
required. To the extent a response is required, the allegations are denied.

168.    The allegations set forth in Paragraph 168 contain legal argument
and legal conclusions to which no response is required. To the extent a response

is required, the allegations are denied.

169.    Paragraph 169 states legal argument and legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

170.    Paragraph 170 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

171.    Paragraph 171 states legal conclusions and Plaintiffs' statement of their requested relief, to which no response is required. To the extent a response is required, the allegations are denied.

## CLAIM VI

172.    Defendants repeat and reallege each and every response made to paragraphs 1 through 171 with the same force and effect as if set forth in this paragraph.

173.    As to the allegations set forth in Paragraph 173, respectfully refer the Court to the Equal Protection Clause of the Fourteenth Amendment as the best evidence and most complete statement of their contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

174.    As to the allegations set forth in Paragraph 174, respectfully refer the Court to the Equal Protection Clause of the Fourteenth Amendment and the cited caselaw as the best evidence and most complete statement of their contents, meaning and effect, and deny the allegations to the extent they are

incomplete or inconsistent therewith.

175.    The allegations set forth in Paragraph 175 contain legal argument to which no response is required. To the extent a response is required, the allegations are denied.

176.    As to the allegations set forth in Paragraph 176, respectfully refer the Court to the referenced transcript as the best evidence and most complete statement of its contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith. Further, the allegations in this paragraph contain legal argument and conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

177.    Paragraph 177 states legal conclusions and Plaintiffs' statement of their requested relief, to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT VII

178.    Defendants repeat and reallege each and every response made to paragraphs 1 through 177 with the same force and effect as if set forth in this paragraph.

179.    Paragraph 179 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

180.    As to the allegations set forth in Paragraph 180, respectfully refer the Court to the Eighth Amendment and cited caselaw as the best evidence and most complete statement of their contents, meaning and effect, and deny the

allegations to the extent they are incomplete or inconsistent therewith.

181.    As to the allegations set forth in Paragraph 181, respectfully refer the Court to the Eighth Amendment and cited caselaw as the best evidence and most complete statement of their contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

182.    As to the allegations set forth in Paragraph 182, respectfully refer the Court to the Eighth Amendment and cited caselaw as the best evidence and most complete statement of their contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

183.    The allegations set forth in Paragraph 183 contain legal argument and legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

184.    The allegations set forth in Paragraph 184 contain legal argument and legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

185.    The allegations set forth in Paragraph 185 contain legal argument and legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

186.    The allegations set forth in Paragraph 186 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

187.    Paragraph 187 states legal conclusions and Plaintiffs' statement of

their requested relief, to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT VIII

188.    Defendants repeat and reallege each and every response made to paragraphs 1 through 187 with the same force and effect as if set forth in this paragraph.

189.    The allegations set forth in Paragraph 189 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

190.    As to the allegations set forth in Paragraph 190, respectfully refer the Court to the Takings Clause of the Fifth Amendment and cited caselaw as the best evidence and most complete statement of their contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

191.    As to the allegations set forth in Paragraph 191, respectfully refer the Court to the Takings Clause of the Fifth Amendment and cited caselaw as the best evidence and most complete statement of their contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

192.    As to the allegations set forth in Paragraph 192, respectfully refer the Court to the Takings Clause of the Fifth Amendment and cited caselaw as the best evidence and most complete statement of their contents, meaning and

effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

193.    The allegations set forth in Paragraph 193 contain legal argument and legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

194.    The allegations set forth in Paragraph 194 contain legal argument and legals conclusions to which no response is required. To the extent a response is required, the allegations are denied.

195.    The allegations set forth in Paragraph 195 contain legal argument and legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

196.    The allegations set forth in Paragraph 196 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

197.    The allegations set forth in Paragraph 197 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

198.    The allegations set forth in Paragraph 198 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

199.    Paragraph 199 states legal conclusions and Plaintiffs' statement of their requested relief, to which no response is required. To the extent a response

is required, the allegations are denied.

## CLAIM IX

200.    Defendants repeat and reallege each and every response made to paragraphs 1 through 199 with the same force and effect as if set forth in this paragraph.

201.    As to the allegations set forth in Paragraph 201, respectfully refer the Court to the N.Y. CONST. Art. I, § 7 as the best evidence and most complete statement of its contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

202.    As to the allegations set forth in Paragraph 202, respectfully refer the Court to the cited caselaw as the best evidence and most complete statement of its contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

203.    As to the allegations set forth in Paragraph 203, respectfully refer the Court to the cited caselaw as the best evidence and most complete statement of its contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

204.    The allegations set forth in Paragraph 204 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

205.    Paragraph 205 states legal conclusions and Plaintiffs' statement of their requested relief, to which no response is required. To the extent a response

is required, the allegations are denied.

## COUNT X

206.    Defendants repeat and reallege each and every response made to paragraphs 1 through 205 with the same force and effect as if set forth in this paragraph.

207.    As to the allegations set forth in Paragraph 207, respectfully refer the Court to the cited caselaw as the best evidence and most complete statement of its contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

208.    As to the allegations set forth in Paragraph 208, respectfully refer the Court to the cited caselaw as the best evidence and most complete statement of its contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

209.    The allegations set forth in Paragraph 209 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

210.    The allegations set forth in Paragraph 210 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

211.    The allegations set forth in Paragraph 211 contain legal argument and legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

212.    As to the allegations set forth in Paragraph 212, respectfully refer the Court to the cited caselaw as the best evidence and most complete statement of its contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

213.    The allegations set forth in Paragraph 213 contain legal conclusions and Plaintiffs' statement of their requested relief, to which no response is required. To the extent a response is required, the allegations are denied.

214.    The allegations set forth in Paragraph 214 contain legal conclusions and Plaintiffs' statement of their requested relief, to which no response is required. To the extent a response is required, the allegations are denied.

215.    The allegations set forth in Paragraph 215 contain legal conclusions and Plaintiffs' statement of their relief, to which no response is required. To the extent a response is required, the allegations are denied.

216.    Paragraph 216 states legal conclusions and Plaintiffs' statement of their requested relief, to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT XI

217.    Defendants repeat and reallege each and every response made to paragraphs 1 through 216 with the same force and effect as if set forth in this paragraph.

218.    The allegations set forth in Paragraph 218 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

219.    The allegations set forth in Paragraph 219 contain legal conclusions and Plaintiffs' statement of their requested relief, to which no response is required. To the extent a response is required, the allegations are denied.

220.    As to the allegations set forth in Paragraph 220, respectfully refer the Court to the cited statute as the best evidence and most complete statement of its contents, meaning and effect, and deny the allegations to the extent they are incomplete or inconsistent therewith.

221.    Paragraph 221 states legal conclusions and Plaintiffs' statement of their requested relief, to which no response is required. To the extent a response is required, the allegations are denied.

**PRAYER FOR RELIEF**

222.    The remaining paragraphs of the Complaint consist of requests for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested in the Complaint, or to any relief whatsoever.

**DEFENSES**

Without limiting or waiving any other defenses available to them, Defendants hereby assert the following defenses to the Complaint:

1.    Some or all of Plaintiffs' claims are unripe for judicial review.

2.    Some or all Plaintiffs lack standing to bring this action.

3.    Some or all of Plaintiffs' claims fail to state a claim upon which relief may be granted.

4.    The allegations in Plaintiffs' complaint are unreviewable for lack of final agency action.

5.    Plaintiffs' claims, in whole or in part, are moot.

6.    The Act is not preempted by federal law.

7.    The Act is not preempted by the United States Constitution.

8.    The Act does not violate the United States Constitution.

9.    The Act does not violate the New York State Constitution.

10.    There is neither factual nor legal support for injunctive or equitable relief.

11.    Defendants reserve the right to raise additional defenses.


**WHEREFORE**, Defendants respectfully request judgment against Plaintiffs as follows:

a.    Dismissing and denying the claims in the Complaint against Defendants in their entirety;

41

b. and for such other and further relief as this Court deems appropriate.

Dated: March 17, 2025
        New York, New York

Respectfully submitted,

LETITIA JAMES
Attorney General of the State of New York
*Attorney for Defendants*

By: */s/ Laura Mirman-Heslin*
LAURA MIRMAN-HESLIN (NDNY Bar No. 704855)
Assistant Attorney General
New York State Office of Attorney General
Environmental Protection Bureau
28 Liberty Street
New York, NY 10005
(212) 416-6091
Laura.Mirman-Heslin@ag.ny.gov