**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
ALBANY DIVISION**

| | |
|---|---|
| STATE OF WEST VIRGINIA, et al., | |
| *Plaintiffs*, | |
| v. | |
| LETITIA JAMES, et al., | Civil Action No. 1:25-cv-168 (BKS/DJS) |
| *Defendants*, | |
| and | |
| WEST HARLEM ENVIRONMENTAL ACTION, INC., BLACK FARMERS UNITED-NEW YORK STATE, INC., CITIZENS CAMPAIGN FOR THE ENVIRONMENT, and CATSKILL MOUNTAINKEEPER, | |
| *Proposed Defendant-Intervenors.* | |

**[PROPOSED] ANSWER OF DEFENDANT-INTERVENORS**

Defendant-Intervenors West Harlem Environmental Action, Inc., Black Farmers United-New York State, Inc., Citizens Campaign for the Environment, and Catskill Mountainkeeper (collectively, Intervenors), through their undersigned counsel, say as follows by way of an answer to Plaintiffs' Amended Complaint, dated April 7, 2025 (ECF No. 125):

**INTRODUCTION**

1.      Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in the first, fourth, and fifth sentences of Paragraph 1, and therefore deny them. The remaining allegations characterize the Climate Change Superfund Act (the "Act"). Intervenors aver that the Act speaks for itself, refer the Court to the Act for its full context and meaning, and deny allegations inconsistent with the text of the Act.

1

2.     To the extent Paragraph 2 characterizes the Act, Intervenors aver that the Act speaks for itself, refer the Court to the Act for its full context and meaning, and deny Plaintiffs' allegations to the extent they are inconsistent with the text of the Act. Intervenors deny the Act punishes and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 2 and therefore deny them.

3.     To the extent Paragraph 3 characterizes the Act, Intervenors aver that the Act speaks for itself, refer the Court to the Act for its full context and meaning, and deny Plaintiffs' allegations to the extent they are inconsistent with the text of the Act. Intervenors lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 3, and therefore deny them.

4.     The second sentence of Paragraph 4 contains a partial quotation from the Commerce Clause of the U.S. Constitution. Intervenors admit that the quoted words appear in the Commerce Clause. The remainder of Paragraph 4 sets forth legal argument and conclusions, to which no response is required. To the extent a response is required, Intervenors deny. Intervenors further state that the Commerce Clause speaks for itself and refer the Court to the Commerce Clause for its full context and meaning.

5.     The final sentence of Paragraph 5 contains a partial quotation from the Clean Air Act. Intervenors admit that the quoted words appear in the Clean Air Act. The remaining allegations in Paragraph 5 set forth legal argument and conclusions, to which no response is required. To the extent a response is required, Intervenors deny that Paragraph 5 includes a full and complete characterization of the Clean Air Act and the Environmental Protection Agency's powers. Intervenors further state that the Clean Air Act speaks for itself and refer the Court to that statute for its full context and meaning.

6.      Paragraph 6 sets forth legal argument and conclusions and Plaintiffs' characterization of caselaw, to which no response is required. To the extent a response is required, Intervenors refer the Court to the relevant caselaw for its full context and meaning and deny the allegations to the extent they are inconsistent with the relevant caselaw.

7.      Paragraph 7 sets forth legal argument and conclusions and Plaintiffs' characterization of caselaw, to which no response is required. To the extent a response is required, Intervenors deny that Paragraph 7 contains a full and complete characterization of the Commerce Clause and applicable caselaw. Intervenors further refer the Court to the relevant caselaw for its full context and meaning and deny the allegations to the extent they are inconsistent with the relevant caselaw.

8.      Paragraph 8 sets forth legal argument and conclusions to which no response is required. To the extent a response is required, Intervenors deny.

9.      Paragraph 9 sets forth legal argument and conclusions and Plaintiffs' characterization of caselaw, to which no response is required. To the extent a response is required, Intervenors refer the Court to the relevant caselaw for its full context and meaning and deny the allegations to the extent they are inconsistent with the relevant caselaw.

10.     Paragraph 10 sets forth legal argument and conclusions and characterizations of the Act and caselaw to which no response is required. To the extent a response is required, Intervenors refer the Court to the relevant caselaw for its full context and meaning and deny the allegations to the extent they are inconsistent with the relevant caselaw. Intervenors further deny that the Act imposes penalties and aver that the Act speaks for itself.

11.     Paragraph 11 sets forth Plaintiffs' legal argument, conclusions, and characterization of caselaw to which no response is required. Intervenors admit that under some

circumstances, state laws are preempted by federal statutes but deny that the Act at issue in this case is preempted. To the extent a further response is required, Intervenors refer the Court to the relevant caselaw for its full context and meaning and deny the allegations to the extent they are inconsistent with the relevant caselaw.

12.     The first and second sentences of Paragraph 12 set forth legal argument and conclusions to which no response is required. To the extent a response is required, Intervenors deny. Intervenors lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 12, and therefore deny them.

13.     Paragraph 13 sets forth Plaintiffs' legal argument and conclusions and characterization of caselaw, to which no response is required. To the extent a response is required, Intervenors deny that Paragraph 13 contains a complete and accurate characterization of the Due Process Clause and caselaw applying the clause, refer the Court to the relevant caselaw for its full context and meaning, and deny the allegations to the extent they are inconsistent with the relevant caselaw. To the extent a further response is required, Intervenors deny.

14.     The first, second, and seventh sentences of Paragraph 14 set forth legal argument and conclusions to which no response is required. To the extent a response is required, Intervenors deny. Intervenors admit that the quoted words in the third sentence of Paragraph 14 appear on the cited website, but state that the website speaks for itself, refer the Court to the cited website for its full context and meaning, and deny any allegations inconsistent with the cited website. Intervenors admit that New York is home to nuclear, solar, and wind energy production, but lack sufficient knowledge or information to form a belief about the remaining allegations in the fourth sentence of Paragraph 14 and therefore deny them. Intervenors lack knowledge or

4

information sufficient to form a belief about the truth of the allegations contained in the fifth and sixth sentences of Paragraph 14, and therefore deny them.

15.    Paragraph 15 sets forth legal argument and conclusions and Plaintiffs' characterization of caselaw, to which no response is required. To the extent a response is required, Intervenors admit that in some circumstances the Constitution prohibits the government from imposing excessive fines but deny that the Eighth Amendment applies to the Act here. Intervenors further deny that the Act imposes punishment or penalties, aver that the Act speaks for itself, refer the Court to the Act for its full context and meaning, and deny allegations inconsistent with the Act.

16.    Paragraph 16 sets forth legal argument and conclusions and Plaintiffs' characterization of caselaw, to which no response is required. To the extent a response is required, Intervenors refer the Court to the relevant caselaw for its full context and meaning and deny the allegations to the extent they are inconsistent with the relevant caselaw. To the extent Paragraph 16 characterizes the Act, Intervenors deny that the Act imposes penalties, refer the Court to the Act for its full context and meaning, and deny allegations inconsistent with the Act.

17.    Paragraph 17 sets forth legal argument and conclusions to which no response is required. To the extent a response is required, Intervenors deny.

**PLAINTIFFS**

18.    Intervenors admit that Plaintiff State of West Virginia is a sovereign State of the United States of America, admit that John B. McCuskey is the Attorney General of West Virginia, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 18.

19.     Intervenors admit that Plaintiff State of Alabama is a sovereign State of the United States of America, admit that Steve Marshall is the Attorney General of Alabama, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 19.

20.     Intervenors admit that Plaintiff State of Arkansas is a sovereign State of the United States of America, admit that Tim Griffin is the Attorney General of Arkansas, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 20.

21.     Intervenors admit that Plaintiff State of Georgia is a sovereign State of the United States of America, admit that Christopher M. Carr is the Attorney General of Georgia, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 21.

22.     Intervenors admit that Plaintiff State of Idaho is a sovereign State of the United States of America, admit that Raúl R. Labrador is the Attorney General of Idaho, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 22.

23.     Intervenors admit that Plaintiff State of Iowa is a sovereign State of the United States of America, admit that Brenna Bird is the Attorney General of Iowa, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 23.

24.     Intervenors admit that Plaintiff State of Kansas is a sovereign State of the United States of America, admit that Kris W. Kobach is the Attorney General of Kansas, and lack

knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 24.

25.     Intervenors admit that Plaintiff State of Kentucky is a sovereign State of the United States of America, admit that Russell M. Coleman is the Attorney General of Kentucky, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 25.

26.     Intervenors admit that Plaintiff State of Louisiana is a sovereign State of the United States of America, admit that Elizabeth B. Murrill is the Attorney General of Louisiana, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 26.

27.     Intervenors admit that Plaintiff State of Mississippi is a sovereign State of the United States of America, admit that Lynn Fitch is the Attorney General of Mississippi, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 27.

28.     Intervenors admit that Plaintiff State of Missouri is a sovereign State of the United States of America, admit that Andrew Bailey is the Attorney General of Missouri, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 28.

29.     Intervenors admit that Plaintiff State of Montana is a sovereign State of the United States of America, admit that Austin Knudsen is the Attorney General of Montana, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 29.

30.    Intervenors admit that Plaintiff State of Nebraska is a sovereign State of the United States of America, admit that Michael T. Hilgers is the Attorney General of Nebraska, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 30.

31.    Intervenors admit that Plaintiff State of North Dakota is a sovereign State of the United States of America, admit that Drew Wrigley is the Attorney General of North Dakota, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 31.

32.    Intervenors admit that Plaintiff State of Ohio is a sovereign State of the United States of America, admit that Dave Yost is the Attorney General of Ohio, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 32.

33.    Intervenors admit that Plaintiff State of Oklahoma is a sovereign State of the United States of America, admit that Gentner Drummond is the Attorney General of Oklahoma, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 33.

34.    Intervenors admit that Plaintiff State of South Carolina is a sovereign State of the United States of America, admit that Alan Wilson is the Attorney General of South Carolina, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 34.

35.    Intervenors admit that Plaintiff State of South Dakota is a sovereign State of the United States of America, admit that Marty Jackley is the Attorney General of South Dakota, and

lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 35.

36.    Intervenors admit that Plaintiff State of Tennessee is a sovereign State of the United States of America, admit that Jonathan Skrmetti is the Attorney General and Reporter of Tennessee, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 36.

37.    Intervenors admit that Plaintiff State of Texas is a sovereign State of the United States of America, admit that Ken Paxton is the Attorney General of Texas, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 37.

38.    Intervenors admit that Plaintiff State of Utah is a sovereign State of the United States of America, admit that Derek E. Brown is the Attorney General of Utah, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 38.

39.    Intervenors admit that Plaintiff State of Wyoming is a sovereign State of the United States of America, admit that Bridget Hill is the Attorney General of Wyoming, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 39.

40.    Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40, and therefore deny them.

41.    Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41, and therefore deny them.

42.    Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42, and therefore deny them.

43.    Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43, and therefore deny them. The characterization of the Act as "unlawful" in the second sentence sets forth a legal conclusion to which no response is required; to the extent a response is required, Intervenors deny.

44.    Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44, and therefore deny them.

**DEFENDANTS**

45.    Intervenors admit that Letitia James is the Attorney General of New York. The remaining allegations in Paragraph 45 set forth legal conclusions to which no response is required. To the extent a response is required, Intervenors state that the Act speaks for itself, refer the Court to the Act for its full context and meaning, and deny any allegations inconsistent with the text of the Act.

46.    Intervenors admit that Amanda Lefton is the Acting Commissioner of the New York State Department of Environmental Conservation. The remaining allegations in Paragraph 46 set forth legal conclusions to which no response is required. To the extent a response is required, Intervenors state that the Act speaks for itself, refer the Court to the Act for its full context and meaning, and deny any allegations inconsistent with the text of the Act.

47.    Intervenors admit that Amanda Hiller is the Acting Tax Commissioner of the New York State Department of Taxation and Finance. The remaining allegations in Paragraph 47 set forth legal conclusions to which no response is required. To the extent a response is required,

Intervenors state that the Act speaks for itself, refer the Court to the Act for its full context and meaning, and deny any allegations inconsistent with the text of the Act.

### JURISDICTION AND VENUE

48.      Paragraph 48 sets forth legal conclusions, to which no response is required. To the extent a response is required, Intervenors admit that Plaintiffs purport to state claims raising federal questions under 28 U.S.C. §§ 1331 and 1343(a)(3). Intervenors deny that the Court has subject-matter jurisdiction over all of Plaintiffs' claims, for reasons including lack of standing.

49.      Paragraph 49 sets forth legal argument and conclusions to which no response is required. To the extent a response is required, Intervenors admit that this Court generally has authority to issue injunctive and/or declaratory relief in appropriate cases, but deny that Plaintiffs are entitled to declaratory or injunctive relief in this case. Intervenors further refer the Court to the cited caselaw and statutes for their full context and meaning.

50.      Intervenors admit that Defendants maintain offices and conduct business in the Northern District of New York. The remaining allegations in Paragraph 50 set forth legal argument and conclusions to which no response is required. To the extent a response is required, Intervenors refer the Court to the cited caselaw and statute for their full context and meaning and deny any allegations inconsistent with the cited caselaw and statute.

51.      Paragraph 51 sets forth legal conclusions to which no response is required. To the extent a response is required, Intervenors admit that this Court generally has authority to issue injunctive and/or declaratory relief in appropriate cases, but deny that Plaintiffs are entitled to declaratory or injunctive relief in this case. Intervenors further refer the Court to the cited statutes for their full context and meaning.

**STANDING**

52.    Paragraph 52 sets forth legal conclusions to which no response is required. To the extent a response is required, Intervenors deny.

53.    Paragraph 53 sets forth legal conclusions and Plaintiffs' characterization of caselaw to which no response is required. To the extent a response is required, Intervenors deny. Intervenors further refer the Court to the relevant caselaw for its full context and meaning and deny allegations inconsistent with the relevant caselaw.

54.    Paragraph 54 sets forth legal conclusions and Plaintiffs' characterization of caselaw to which no response is required. To the extent a response is required, Intervenors deny. Intervenors further refer the Court to the relevant caselaw for its full context and meaning and deny allegations inconsistent with the relevant caselaw.

55.    Paragraph 55 sets forth legal conclusions and Plaintiffs' characterization of caselaw to which no response is required. To the extent a response is required, Intervenors deny. Intervenors further refer the Court to the relevant caselaw for its full context and meaning and deny allegations inconsistent with the relevant caselaw.

56.    The first sentence of Paragraph 56 sets forth legal conclusions to which no response is required. To the extent a response is required, Intervenors deny. Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 56, and therefore deny them.

57.    Paragraph 57 sets forth legal conclusions and Plaintiffs' characterization of caselaw to which no response is required. To the extent a response is required, Intervenors deny. Intervenors further refer the Court to the relevant caselaw for its full context and meaning and deny allegations to the extent they are inconsistent with the relevant caselaw.

58.     Paragraph 58 sets forth legal conclusions and Plaintiffs' characterization of caselaw to which no response is required. To the extent a response is required, Intervenors refer the Court to the relevant caselaw for its full context and meaning and deny allegations inconsistent with the relevant caselaw.

59.     Paragraph 59 sets forth legal conclusions and Plaintiffs' characterization of caselaw to which no response is required. To the extent a response is required, Intervenors deny. Intervenors further refer the Court to the relevant caselaw for its full context and meaning and deny any allegations to the extent they are inconsistent with the relevant caselaw.

60.     Paragraph 60 sets forth a legal conclusion and Plaintiffs' characterization of caselaw to which no response is required. To the extent a response is required, Intervenors refer the Court to the relevant caselaw for its full context and meaning and deny allegations to the extent they are inconsistent with the relevant caselaw.

61.     Paragraph 61 sets forth a legal conclusion and Plaintiffs' characterization of caselaw to which no response is required. To the extent a response is required, Intervenors refer the Court to the relevant caselaw for its full context and meaning and deny allegations to the extent they are inconsistent with the relevant caselaw.

62.     The first and last sentences of Paragraph 62 set forth legal conclusions to which no response is required. To the extent a response is required, Intervenors deny. Intervenors lack knowledge or information sufficient to form a belief about the truth of remaining allegations in Paragraph 62, and therefore deny them. To the extent Paragraph 62 characterizes the Act, Intervenors refer the Court to the Act for its full context and meaning and deny allegations inconsistent with the Act.

63.    Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 63, and therefore deny them. The remainder of Paragraph 63 sets forth a legal conclusion to which no response is required. To the extent a response is required, Intervenors deny, including the allegation that substantial economic injury is imminent. To the extent Paragraph 63 characterizes the Act, Intervenors refer the Court to the Act for its full context and meaning and deny allegations inconsistent with the Act.

64.    Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64, and therefore deny them.

65.    Paragraph 65 sets forth a legal conclusion to which no response is required. To the extent a response is required, Intervenors deny.

66.    The first and last sentences of Paragraph 66 set forth legal conclusions to which no response is required. To the extent a response is required, Intervenors deny. Intervenors lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 66, and therefore deny them.

67.    Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67, and therefore deny them.

68.    Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68, and therefore deny them.

69.    The first and last sentences of Paragraph 69 set forth legal conclusions to which no response is required. To the extent a response is required, Intervenors deny. Intervenors lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 69, and therefore deny them.

70.     The first sentence of Paragraph 70 sets forth a legal conclusion to which no response is required. To the extent a response is required, Intervenors deny. Intervenors lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 70, and therefore deny them.

71.     The first sentence of Paragraph 71 sets forth a legal conclusion to which no response is required. To the extent a response is required, Intervenors deny. Intervenors lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 71, and therefore deny them.

72.     The first sentence of Paragraph 72 sets forth a legal conclusion to which no response is required. To the extent a response is required, Intervenors deny. Intervenors lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 72, and therefore deny them.

73.     The first sentence of Paragraph 73 sets forth a legal conclusion to which no response is required. To the extent a response is required, Intervenors deny. Intervenors lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 73, and therefore deny them.

74.     Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74, and therefore deny them. Intervenors further refer the Court to the cited statute for its full context and meaning, and deny Plaintiffs' allegations to the extent they are inconsistent with the text of the statute.

75.     Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75, and therefore deny them.

76.     Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76, and therefore deny them.

77.     The first and last sentences of Paragraph 77 set forth legal conclusions to which no response is required. To the extent a response is required, Intervenors deny. Intervenors lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 77, and therefore deny them.

78.     Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78, and therefore deny them. The last sentence of Paragraph 78 sets forth legal conclusions to which no response is required. To the extent a response is required, Intervenors deny.

79.     Paragraph 79 sets forth a legal conclusion to which no response is required. To the extent a response is required, Intervenors deny.

80.     The first sentence of Paragraph 80 sets forth Plaintiffs' legal argument and characterization of the cited caselaw, to which no response is required. To the extent a response is required, Intervenors refer the Court to the relevant caselaw for its full context and meaning and deny any allegations inconsistent with the relevant caselaw. The remainder of Paragraph 80 sets forth legal argument to which no response is required. To the extent a response is required, Intervenors deny.

81.     The first and last sentences of Paragraph 81 set forth legal conclusions to which no response is required. To the extent a response is required, Intervenors deny. Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in the third and fourth sentences of Paragraph 81, and therefore deny them. The remaining allegations in Paragraph 81 characterize the Act. Intervenors aver that the Act speaks for itself, refer the Court

to the Act for its full context and meaning, and deny Plaintiffs' allegations to the extent they are inconsistent with the text of the Act.

82.     The first sentence of Paragraph 82 sets forth a legal conclusion to which no response is required. To the extent a response is required, Intervenors deny. Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82, and therefore deny them.

83.     Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in the second and third sentences of Paragraph 83, and therefore deny them. The remainder of Paragraph 83 sets forth legal arguments and conclusions to which no response is required. To the extent a response is required, Intervenors deny.

## FACTUAL ALLEGATIONS

84.     Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 84, and therefore deny them.

85.     Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85, and therefore deny them.

86.     The third sentence of Paragraph 86 characterizes the Surface Mining Control and Reclamation Act of 1977. Intervenors aver that this statute speaks for itself, refer the Court to the statute for its full context and meaning, and deny Plaintiffs' allegations to the extent they are inconsistent with the text of the statute. Intervenors lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 86, and therefore deny them.

87.     Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87, and therefore deny them.

88.    Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88, and therefore deny them.

89.    Intervenors admit that the federal government has at times regulated fossil fuels and promoted their use. Intervenors lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 89, and therefore deny them.

90.    Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 90, and therefore deny them. Intervenors further refer the Court to the cited statutes for their full context and meaning, and deny Plaintiffs' allegations to the extent they are inconsistent with the text of the statutes.

91.    Intervenors admit that New York has at times used fossil fuels for part of its energy needs. Intervenors lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 91, and therefore deny them.

92.    Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 92, and therefore deny them.

93.    Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 93, and therefore deny them.

94.    Paragraph 94 sets forth legal arguments and conclusions and Plaintiffs' characterization of the Clean Air Act and caselaw, to which no response is required. To the extent a response is required, Intervenors refer the Court to the Clean Air Act and relevant caselaw for their full context and meaning and deny any allegations inconsistent with the Clean Air Act and relevant caselaw.

95.    Paragraph 95 sets forth legal arguments and conclusions and Plaintiffs' characterization of the Clean Air Act and caselaw, to which no response is required. To the extent

a response is required, Intervenors deny. Intervenors refer the Court to the Clean Air Act and relevant caselaw for their full context and meaning and deny any allegations inconsistent with the Clean Air Act and relevant caselaw.

96.     Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in the first and second sentences of Paragraph 96, and therefore deny them. The third sentence of Paragraph 96 characterizes a portion of a legislative transcript, which speaks for itself. Intervenors refer the Court to the cited transcript for its full context and meaning and deny Plaintiffs' allegations to the extent they are inconsistent with the transcript.

97.     Paragraph 97 characterizes the Act, which speaks for itself. Intervenors refer the Court to the Act for its full context and meaning and deny Plaintiffs' allegations to the extent they are inconsistent with the complete text of the Act.

98.     Paragraph 98 characterizes the Act, which speaks for itself. Intervenors therefore refer the Court to the Act for its full context and meaning and deny Plaintiffs' allegations to the extent they are inconsistent with the full text of the Act.

99.     Paragraph 99 characterizes the Act, which speaks for itself. Intervenors therefore refer the Court to the Act for its full context and meaning and deny Plaintiffs' allegations to the extent they are inconsistent with the full text of the Act.

100.    Paragraph 100 characterizes the Act, which speaks for itself. Intervenors therefore refer the Court to the Act for its full context and meaning and deny Plaintiffs' allegation to the extent it is inconsistent with the full text of the Act.

101.    Paragraph 101 characterizes the Act, which speaks for itself. Intervenors therefore refer the Court to the Act for its full context and meaning and deny Plaintiffs' allegations to the extent they are inconsistent with the full text of the Act.

102.     Paragraph 102 characterizes the Act, which speaks for itself. Intervenors therefore refer the Court to the Act for its full context and meaning and deny Plaintiffs' allegations to the extent they are inconsistent with the full text of the Act. To the extent a further response is required, Intervenors deny that the Act names ExxonMobil and Shell USA, Inc. as "targets."

103.     The first and second sentences of Paragraph 103 characterize the Act and set forth legal conclusions to which no response is required. To the extent a response is required, Intervenors deny that the Act imposes penalties, aver that the Act speaks for itself, refer the Court to the Act for its full context and meaning, and deny any allegations inconsistent with the complete text of the Act. The third sentence characterizes the Act, which speaks for itself; Intervenors refer the Court to the Act for its full context and meaning and deny any allegations inconsistent with the text of the Act. To the extent a further response is required, Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 103, and therefore deny them. Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in the fourth and fifth sentences of Paragraph 103, and therefore deny them. Intervenors deny that the sixth sentence is a complete and accurate description of the cited press statement, and refer the Court to the cited statement for its full context and meaning.

104.     Intervenors deny the characterization of the cost recovery demands as punishment in the second sentence of Paragraph 104. The remaining allegations characterize the Act, which speaks for itself. Intervenors therefore refer the Court to the Act for its full context and meaning and deny any allegations inconsistent with the complete text of the Act.

105.    Paragraph 105 characterizes the Act, which speaks for itself. Intervenors refer the Court to the Act for its full context and meaning, and deny any allegations inconsistent with the complete text of the Act.

106.    Paragraph 106 characterizes the Act, which speaks for itself. Intervenors refer the Court to the Act for its full context and meaning, and deny any allegations inconsistent with the complete text of the Act.  Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegation in the first clause of the second sentence of Paragraph 106, and therefore deny it. The remainder of Paragraph 106 characterizes a portion of a legislative transcript and the Act. Both speak for themselves; Intervenors refer the Court to both for their full context and meaning and deny any allegations inconsistent with the transcript or the Act.

107.    Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 107, and therefore deny them. Intervenors further refer the Court to the cited report for its full context and meaning, and deny any allegations inconsistent with the complete text of the report.

108.    The first, second, and third sentences of Paragraph 108 characterize the Act, which speaks for itself. Intervenors refer the Court to the Act for its full context and meaning and deny Plaintiffs' allegations to the extent they are inconsistent with the complete text of the Act. Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in the last sentence of Paragraph 108, and therefore deny them.

109.    Paragraph 109 characterizes the Act, which speaks for itself. Intervenors refer the Court to the Act for its full context and meaning, and deny allegations inconsistent with the complete text of the Act.

110.    Paragraph 110 characterizes the Act, which speaks for itself. Intervenors deny that the Act imposes penalties, refer the Court to the Act for its full context and meaning, and deny allegations inconsistent with the complete text of the Act.

111.    Paragraph 111 characterizes the Act, which speaks for itself. Intervenors refer the Court to the Act for its full context and meaning, and deny allegations inconsistent with the complete text of the Act.

112.    Paragraph 112 characterizes the Act, which speaks for itself. Intervenors refer the Court to the Act for its full context and meaning, and deny allegations inconsistent with the complete text of the Act.

113.    Intervenors deny that the Act seeks to punish in the last sentence of Paragraph 113. The first sentence of Paragraph 113 characterizes the Act, which speaks for itself. Intervenors refer the Court to the Act for its full context and meaning, and deny allegations inconsistent with the complete text of the Act. Intervenors lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 113, and therefore deny them.

114.    Paragraph 114 characterizes the Act, which speaks for itself. Intervenors therefore refer the Court to the Act for its full context and meaning and deny Plaintiffs' allegations to the extent they are inconsistent with the complete text of the Act.

115.    Intervenors deny the Act is punitive and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 115, and therefore deny them.

## COUNT I

116.    Paragraph 116 is a statement incorporating Plaintiffs' allegations in the preceding paragraphs, to which no response is required. To the extent a response is required, Intervenors incorporate their preceding responses.

117.    The first sentence of Paragraph 117 is a partial quotation from the Supremacy Clause of the U.S. Constitution. Intervenors admit that the quoted words appear in the Supremacy Clause. The second sentence sets forth Plaintiffs' legal argument and characterization of the cited caselaw, to which no response is required. To the extent a response is required, Intervenors refer the Court to relevant caselaw for its full context and meaning and deny any allegations inconsistent with the relevant caselaw.

118.    Paragraph 118 sets forth Plaintiffs' legal argument and characterization of the cited caselaw, to which no response is required. To the extent a response is required, Intervenors refer the Court to relevant caselaw for its full context and meaning and deny any allegations inconsistent with relevant caselaw.

119.    Paragraph 119 sets forth Plaintiffs' legal argument and characterization of the cited caselaw, to which no response is required. To the extent a response is required, Intervenors deny and refer the Court to relevant caselaw for its full context and meaning and deny any allegations inconsistent with relevant caselaw.

120.    Paragraph 120 sets forth Plaintiffs' legal argument and conclusions, to which no response is required. To the extent a response is required, Intervenors deny. Intervenors further deny that the Act imposes penalties, state that the Act speaks for itself, and refer the Court to the Act for its full context and meaning.

121.    Paragraph 121 sets forth Plaintiffs' legal argument and conclusions and characterizations of the Act, to which no response is required. To the extent a response is required, Intervenors deny and refer the Court to the Act for its full context and meaning and deny allegations inconsistent with the text of the Act.

122.    Paragraph 122 sets forth Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Intervenors deny.

123.    Paragraph 123 sets forth Plaintiffs' characterization of the cited caselaw, to which no response is required. To the extent a response is required, Intervenors refer the Court to the relevant caselaw for its full context and meaning and deny any allegations inconsistent with the relevant caselaw.

124.    Paragraph 124 sets forth Plaintiffs' legal argument and conclusions and characterization of caselaw, to which no response is required. To the extent a response is required, Intervenors deny, refer the Court to relevant caselaw for its full context and meaning, and deny any allegations inconsistent with relevant caselaw.

125.    Paragraph 125 sets forth Plaintiffs' legal argument and conclusions and characterization of caselaw, to which no response is required. To the extent a response is required, Intervenors deny, refer the Court to relevant caselaw for its full context and meaning, and deny any allegations inconsistent with relevant caselaw.

126.    Paragraph 126 sets forth Plaintiffs' legal argument and conclusions, to which no response is required. To the extent a response is required, Intervenors deny.

127.    Paragraph 127 sets forth Plaintiffs' legal argument and conclusions and characterization of caselaw, to which no response is required. To the extent a response is

required, Intervenors deny, refer the Court to relevant caselaw for its full context and meaning, and deny any allegations inconsistent with relevant caselaw.

128.    Paragraph 128 sets forth Plaintiffs' legal argument and conclusions and characterization of caselaw, to which no response is required. To the extent a response is required, Intervenors deny, refer the Court to relevant caselaw for its full context and meaning, and deny any allegations inconsistent with relevant caselaw.

129.    Paragraph 129 sets forth Plaintiffs' legal argument and conclusions and characterization of caselaw, to which no response is required. To the extent a response is required, Intervenors deny, refer the Court to relevant caselaw for its full context and meaning, and deny any allegations inconsistent with relevant caselaw.

130.    Paragraph 130 sets forth Plaintiffs' legal argument and conclusions and characterization of the Act, to which no response is required. To the extent a response is required, Intervenors deny. Intervenors further state that the Act speaks for itself and refer the Court to the Act for its full context and meaning. Intervenors lack knowledge or information sufficient to form a belief as to the allegations in the third, fourth and fifth sentences of Paragraph 130 and therefore deny the allegations.

131.    Paragraph 131 sets forth Plaintiffs' legal argument and conclusions, to which no response is required. To the extent a response is required, Intervenors deny. To the extent a further response is required, Intervenors lack knowledge or information sufficient to form a belief as to the allegations in the second sentence of Paragraph 131 and therefore deny the allegations.

132.    Paragraph 132 sets forth Plaintiffs' legal argument and conclusions, to which no response is required. To the extent a response is required, Intervenors deny.

133.    Paragraph 133 sets forth Plaintiffs' legal argument and conclusions, to which no response is required. To the extent a response is required, Intervenors deny.

134.    Intervenors deny that the Act imposes penalties. Intervenors lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 134, and therefore deny them.

135.    Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 135, and therefore deny them.

136.    Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 136, and therefore deny them. The remaining allegations in Paragraph 136 sets forth Plaintiffs' legal argument and conclusions and characterization of the cited caselaw, to which no response is required. To the extent a response is required, Intervenors refer the Court to the relevant caselaw for its full context and meaning, and deny the allegations to the extent they are inconsistent with the relevant caselaw.

137.    Intervenors deny that the Act punishes. Intervenors lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 137, and therefore deny them.

138.    Paragraph 138 characterizes the Act, which speaks for itself. Intervenors refer the Court to the Act for its full context and meaning, and deny allegations inconsistent with the complete text of the Act.

139.    Paragraph 139 sets forth Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Intervenors deny.

140.    Paragraph 140 sets forth Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Intervenors deny.

**COUNT II**

141.    Paragraph 141 is a statement incorporating Plaintiffs' allegations in the preceding paragraphs, to which no response is required. To the extent a response is required, Intervenors incorporate their preceding responses.

142.    Paragraph 142 sets forth Plaintiffs' characterization of the Supremacy Clause of the U.S. Constitution, to which no response is required. To the extent a response is required, Intervenors admit that in some circumstances federal law may preempt state law, deny that the Act is preempted by any federal statute, and refer the Court to the Supremacy Clause for its full context and meaning.

143.    Paragraph 143 sets forth Plaintiffs' legal argument and characterization of the cited caselaw, to which no response is required. To the extent a response is required, Intervenors deny, refer the Court to the relevant caselaw for its full context and meaning, and deny the allegations to the extent they are inconsistent with the relevant caselaw.

144.    Paragraph 144 sets forth legal argument and Plaintiffs' characterization of the Clean Air Act and the cited caselaw, to which no response is required. To the extent a response is required, Intervenors refer the Court to the Clean Air Act and relevant caselaw for their full context and meaning, and deny any allegations inconsistent with the Clean Air Act and relevant caselaw.

145.    Paragraph 145 sets forth Plaintiffs' legal conclusions and characterizations of the Clean Air Act and cited caselaw, to which no response is required. To the extent a response is required, Intervenors deny. Intervenors further aver that the Clean Air Act speaks for itself and refer the Court to the Clean Air Act and relevant caselaw for their full context and meaning.

146.     Paragraph 146 sets forth Plaintiffs' legal argument and conclusions and characterization of case law, to which no response is required. To the extent a response is required, Intervenors deny, refer the Court to the relevant caselaw for its full context and meaning, and deny the allegations to the extent they are inconsistent with the relevant caselaw.

147.     Paragraph 147 sets forth Plaintiffs' legal argument and conclusions and characterization of the Act, to which no response is required. To the extent a response is required, Intervenors deny. Intervenors further state that the Act speaks for itself and refer the Court to the Act for its full context and meaning.

148.     Paragraph 148 sets forth Plaintiffs' legal argument and conclusions and characterization of cited caselaw, to which no response is required. To the extent a response is required, Intervenors deny, refer the Court to the relevant caselaw for its full context and meaning, and deny the allegations to the extent they are inconsistent with the relevant caselaw.

149.     Paragraph 149 sets forth Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Intervenors deny.

150.     Paragraph 150 sets forth Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Intervenors deny.

**COUNT III**

151.     Paragraph 151 is a statement incorporating Plaintiffs' allegations in the preceding paragraphs, to which no response is required. To the extent a response is required, Intervenors incorporate their preceding responses.

152.     The first sentence of Paragraph 152 is a partial quotation from the Commerce Clause of the U.S. Constitution. Intervenors admit that the quoted words appear in the Commerce Clause. The remainder of Paragraph 152 sets forth Plaintiffs' legal arguments and

characterization of the cited caselaw, to which no response is required. To the extent a response is required, Intervenors deny, refer the Court to the relevant caselaw for its full context and meaning, and deny the allegations to the extent they are inconsistent with the relevant caselaw.

153.    Paragraph 153 sets forth Plaintiffs' legal argument and conclusions and characterization of the cited caselaw, to which no response is required. To the extent a response is required, Intervenors deny, refer the Court to the relevant caselaw for its full context and meaning, and deny the allegations to the extent they are inconsistent with the relevant caselaw.

154.    The first and second sentences of Paragraph 154 set forth Plaintiffs' legal argument and conclusions, to which no response is required. To the extent a response is required, Intervenors deny. Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in the third, fourth, fifth, sixth, and seventh sentences of Paragraph 154, and therefore deny them. Intervenors further refer the Court to the cited transcript for its full context and meaning.

155.    Paragraph 155 sets forth Plaintiffs' legal argument and conclusions and characterization of the Act, to which no response is required. To the extent a response is required, Intervenors deny. Intervenors further state that the Act speaks for itself and refer the Court to the Act for its full context and meaning. Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence of Paragraph 155, and therefore deny them.

156.    Paragraph 156 sets forth Plaintiffs' legal argument and conclusions and characterizations of the Act, to which no response is required. To the extent a response is required, Intervenors deny. Intervenors further state that the Act speaks for itself and refer the Court to the Act for its full context and meaning.

157.    Paragraph 157 sets forth Plaintiffs' legal argument and conclusions and characterizations of the Act, to which no response is required. To the extent a response is required, Intervenors deny and refer the Court to the Act for its full context and meaning.

158.    Paragraph 158 sets forth Plaintiffs' legal argument and conclusions and characterization of the cited caselaw, to which no response is required. To the extent a response is required, Intervenors deny, refer the Court to the relevant caselaw for its full context and meaning, and deny the allegations to the extent they are inconsistent with the relevant caselaw.

159.    Paragraph 159 sets forth Plaintiffs' legal argument and characterization of the Commerce Clause of the U.S. Constitution and cited caselaw, to which no response is required. To the extent a response is required, Intervenors deny. Intervenors further refer the Court to the Commerce Clause and relevant caselaw for their full context and meaning.

160.    Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 160, and therefore deny them. The remaining allegations set forth Plaintiffs' legal argument and conclusions, to which no response is required. To the extent a response is required, Intervenors deny. To the extent any of these remaining allegations are deemed factual, Intervenors lack knowledge or information sufficient to form a belief about the truth of those allegations.

161.    The fourth sentence in Paragraph 161 sets forth Plaintiffs' legal argument and conclusion, to which no response is required. To the extent a response is required, Intervenors deny. Intervenors lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 161, and therefore deny them.

162.    Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 162, and therefore deny them.

163.    Paragraph 163 sets forth Plaintiffs' legal argument and conclusions, to which no response is required. To the extent a response is required, Intervenors deny.

164.    Paragraph 164 sets forth Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Intervenors deny.

165.    Paragraph 165 sets forth Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Intervenors deny.

**COUNT IV**

166.    Paragraph 166 is a statement incorporating Plaintiffs' allegations in the preceding paragraphs, to which no response is required. To the extent a response is required, Intervenors incorporate their preceding responses.

167.    Paragraph 167 is a partial quotation from the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution. Intervenors admit that the quoted words appear in the Due Process Clause.

168.    Paragraph 168 sets forth Plaintiffs' legal argument and characterization of the cited caselaw, to which no response is required. To the extent a response is required, Intervenors deny, refer the court to relevant caselaw for its full context and meaning, and deny the allegations to the extent they are inconsistent with the relevant caselaw.

169.    Paragraph 169 sets forth Plaintiffs' legal argument and characterization of the cited caselaw, to which no response is required. To the extent a response is required, Intervenors deny, refer the court to relevant caselaw for its full context and meaning, and deny the allegations to the extent they are inconsistent with the relevant caselaw.

170.    Paragraph 170 sets forth Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Intervenors deny.

171.    Paragraph 171 sets forth Plaintiffs' legal argument and conclusions and characterization of the Act, to which no response is required. To the extent a response is required, Intervenors deny. To the extent any of the allegations in Paragraph 171 are deemed factual, Intervenors deny the Act imposes a penalty and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations and therefore deny them.

172.    Paragraph 172 sets forth Plaintiffs' legal argument and conclusions and characterizations of the Act, to which no response is required. To the extent a response is required, Intervenors deny. Intervenors further state that the Act speaks for itself and refer the Court to the Act for its full context and meaning.

173.    Paragraph 173 sets forth Plaintiffs' legal argument and conclusions and characterizations of the Act, to which no response is required. Intervenors admit that the quoted language in the second sentence appears in the cited findings, but state that the cited findings speak for themselves; Intervenors therefore refer the Court to the findings for their full context and meaning and deny any allegations inconsistent with the text of the findings. Intervenors further admit that emissions from outside New York State may affect New York State. To the extent a response is required to the remaining allegations in Paragraph 173, Intervenors deny.

174.    Paragraph 174 sets forth Plaintiffs' legal argument and conclusions and characterization of the Act, to which no response is required. To the extent a response is required, Intervenors deny. Intervenors further state that the Act speaks for itself and refer the Court to the Act for its full context and meaning.

175.    Paragraph 175 sets forth Plaintiffs' legal argument and conclusions and characterization of the Act and cited caselaw, to which no response is required. To the extent a response is required, Intervenors deny and refer the Court to the Act and the relevant caselaw for

their full context and meaning and deny the allegations to the extent they are inconsistent with

the Act and the relevant caselaw.

176.     Paragraph 176 sets forth Plaintiffs' legal argument and conclusions and

characterization of the cited caselaw, to which no response is required. To the extent a response is

required, Intervenors deny, refer the Court to the relevant caselaw for its full context and

meaning, and deny the allegations to the extent they are inconsistent with the relevant caselaw.

177.     The first and last sentences of Paragraph 177 set forth Plaintiffs' legal argument

and conclusions, to which no response is required. To the extent a response is required,

Intervenors deny. Intervenors lack knowledge or information sufficient to form a belief about the

truth of the remaining allegations and therefore deny them.

178.     Paragraph 178 sets forth Plaintiffs' legal conclusions, to which no response is

required. To the extent a response is required, Intervenors deny.

179.     Paragraph 179 sets forth Plaintiffs' request for relief, to which no response is

required. To the extent a response is required, Intervenors deny.

**COUNT V**

180.     Paragraph 180 is a statement incorporating Plaintiffs' allegations in the preceding

paragraphs, to which no response is required. To the extent a response is required, Intervenors

incorporate their preceding responses.

181.     The first sentence of Paragraph 181 is a partial quotation from the Due Process

Clause of the New York State Constitution. Intervenors admit that the quoted words appear in the

New York State Constitution. The second sentence sets forth Plaintiffs' characterization of the

cited caselaw, to which no response is required. To the extent a response is required, Intervenors

deny that the Act violates either the New York or U.S. Constitution.

182.    Paragraph 182 sets forth Plaintiffs' legal argument and characterization of the cited caselaw, to which no response is required. To the extent a response is required, Intervenors deny, refer the Court to the relevant caselaw for its full context and meaning, and deny the allegations to the extent they are inconsistent with the relevant caselaw.

183.    Paragraph 183 sets forth Plaintiffs' legal argument and conclusions, to which no response is required. To the extent a response is required, Intervenors deny.

184.    Paragraph 184 sets forth Plaintiffs' legal argument and conclusions, to which no response is required. To the extent a response is required, Intervenors deny.

185.    Paragraph 185 sets forth Plaintiffs' legal argument and conclusions, to which no response is required. To the extent a response is required, Intervenors deny.

186.    Paragraph 186 sets forth Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Intervenors deny.

187.    Paragraph 187 sets forth Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Intervenors deny.

**COUNT VI**

188.    Paragraph 188 is a statement incorporating Plaintiffs' allegations in the preceding paragraphs, to which no response is required. To the extent a response is required, Intervenors incorporate their preceding responses.

189.    Paragraph 189 is a partial quotation from the Fourteenth Amendment of the U.S. Constitution. Intervenors admit that the quoted words appear in the Fourteenth Amendment.

190.    Paragraph 190 sets forth Plaintiffs' legal argument and conclusions and characterization of the cited caselaw, to which no response is required. To the extent a response is

required, Intervenors deny, refer the Court to the relevant caselaw for its full context and meaning, and deny the allegations to the extent they are inconsistent with the relevant caselaw.

191.    Paragraph 191 sets forth Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Intervenors deny.

192.    Paragraph 192 sets forth Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Intervenors deny. Intervenors also refer the Court to the cited transcript for its full context and meaning.

193.    Paragraph 193 sets forth Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Intervenors deny.

**COUNT VII**

194.    Paragraph 194 is a statement incorporating Plaintiffs' allegations in the preceding paragraphs, to which no response is required. To the extent a response is required, Intervenors incorporate their preceding responses.

195.    Paragraph 195 sets forth Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Intervenors deny.

196.    The first sentence of Paragraph 196 is a partial quotation from the Eighth Amendment of the U.S. Constitution. Intervenors admit that the quoted words appear in the Eighth Amendment. The second sentence sets forth Plaintiffs' characterization of the cited caselaw, to which no response is required. To the extent a response is required, Intervenors admit that the Eighth Amendment is incorporated against the States.

197.    Paragraph 197 sets forth Plaintiffs' characterization of the cited caselaw, to which no response is required. To the extent a response is required, Intervenors deny, refer the Court to

the relevant caselaw for its full context and meaning, and deny the allegations to the extent they are inconsistent with the relevant caselaw.

198.    Paragraph 198 sets forth Plaintiffs' characterization of the cited caselaw, to which no response is required. To the extent a response is required, Intervenors refer the Court to the relevant caselaw for its full context and meaning and deny the allegations to the extent they are inconsistent with the relevant caselaw.

199.    Paragraph 199 sets forth Plaintiffs' legal argument and conclusions and characterization of the cited caselaw, to which no response is required. To the extent a response is required, Intervenors deny. Intervenors further state that the Act speaks for itself, refer the Court to the Act for its full context and meaning, and refer the Court to the relevant caselaw for its full context and meaning.

200.    Paragraph 200 sets forth Plaintiffs' legal argument and conclusions and characterization of cited caselaw, to which no response is required. To the extent a response is required, Intervenors deny, refer the Court to the relevant caselaw for its full context and meaning, and deny the allegations to the extent they are inconsistent with the relevant caselaw.

201.    Paragraph 201 sets forth Plaintiffs' legal argument and conclusions and characterization of the Act, to which no response is required. To the extent a response is required, Intervenors deny. Intervenors further state that the Act speaks for itself and refer the Court to the Act for its full context and meaning.

202.    Paragraph 202 sets forth Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Intervenors deny.

203.    Paragraph 203 sets forth Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Intervenors deny.

## COUNT VIII

204.    Paragraph 204 is a statement incorporating Plaintiffs' allegations in the preceding paragraphs, to which no response is required. To the extent a response is required, Intervenors incorporate their preceding responses.

205.    Paragraph 205 sets forth Plaintiffs' legal argument and conclusions, to which no response is required. To the extent a response is required, Intervenors deny. Intervenors further state that the Act speaks for itself and refer the Court to the Act for its full context and meaning.

206.    The first sentence of Paragraph 206 is a partial quotation from the Takings Clause of the Fifth Amendment of the U.S. Constitution. Intervenors admit that the quoted words appear in the Fifth Amendment. The second sentence sets forth Plaintiffs' characterization of the cited caselaw, to which no response is required. To the extent a response is required, Intervenors admit that the Takings Clause is incorporated against the States.

207.    Paragraph 207 sets forth Plaintiffs' legal argument and characterization of the cited caselaw, to which no response is required. To the extent a response is required, Intervenors refer the Court to the relevant caselaw for its full context and meaning and deny the allegations to the extent they are inconsistent with the relevant caselaw.

208.    Paragraph 208 sets forth Plaintiffs' characterization of the cited caselaw, to which no response is required. To the extent a response is required, Intervenors refer the Court to the relevant caselaw for its full context and meaning and deny the allegations to the extent they are inconsistent with the relevant caselaw.

209.    Paragraph 209 sets forth Plaintiffs' legal argument and conclusions, to which no response is required. To the extent a response is required, Intervenors deny.

210.    Paragraph 210 sets forth Plaintiffs' legal argument and conclusions and characterization of the cited caselaw, to which no response is required. To the extent a response is required, Intervenors deny, refer the Court to the relevant caselaw for its full context and meaning, and deny the allegations to the extent they are inconsistent with the relevant caselaw.

211.    Paragraph 211 sets forth Plaintiffs' legal argument and conclusions, to which no response is required. To the extent a response is required, Intervenors deny. To the extent the last sentence of Paragraph 211 is deemed to contain factual allegations, Intervenors admit that a Vermont statute, Act 122, has been challenged.

212.    Paragraph 212 sets forth Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Intervenors deny.

213.    Paragraph 213 sets forth Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Intervenors deny.

214.    Paragraph 214 sets forth Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Intervenors deny.

215.    Paragraph 215 sets forth Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Intervenors deny.

**COUNT IX**

216.    Paragraph 216 is a statement incorporating Plaintiffs' allegations in the preceding paragraphs, to which no response is required. To the extent a response is required, Intervenors incorporate their preceding responses.

217.    Paragraph 217 is a legal conclusion to which no response is required. To the extent a response is required, Intervenors admit that the partial quotation from Article I, Section

7 of the New York Constitution appears in the Article, refer the Court to the Article for its full

context and meaning, and deny allegations inconsistent with the Article.

218.    Paragraph 218 sets forth Plaintiffs' characterization of the cited caselaw, to which

no response is required. To the extent a response is required, Intervenors refer the Court to

relevant caselaw for its full context and meaning.

219.    Paragraph 219 sets forth Plaintiffs' characterization of the cited caselaw, to which

no response is required. To the extent a response is required, Intervenors refer the Court to

relevant caselaw for its full context and meaning.

220.    Paragraph 220 sets forth Plaintiffs' legal conclusions, to which no response is

required. To the extent a response is required, Intervenors deny.

221.    Paragraph 221 sets forth Plaintiffs' legal conclusions and request for relief, to

which no response is required. To the extent a response is required, Intervenors deny.

**EQUITABLE RELIEF**

222.    Paragraph 222 is a statement incorporating Plaintiffs' allegations in the preceding

paragraphs, to which no response is required. To the extent a response is required, Intervenors

incorporate their preceding responses.

223.    Paragraph 223 sets forth Plaintiffs' characterization of the cited caselaw, to which

no response is required. To the extent a response is required, Intervenors admit that this Court

generally has authority to issue injunctive relief, but deny that Plaintiffs are entitled to injunctive

relief in this case.

224.    Paragraph 224 sets forth Plaintiffs' characterization of the cited caselaw, to which

no response is required. To the extent a response is required, Intervenors refer the Court to the

relevant caselaw for its full context and meaning and deny the allegations to the extent they are inconsistent with the relevant caselaw.

225.    Paragraph 225 sets forth Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Intervenors deny.

226.    Paragraph 226 sets forth Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Intervenors deny.

227.    Paragraph 227 sets forth Plaintiffs' legal argument and conclusions and characterization of the cited caselaw, to which no response is required. To the extent a response is required, Intervenors refer the Court to the relevant caselaw for its full context and meaning and deny the allegations to the extent they are inconsistent with the relevant caselaw.

228.    Paragraph 228 sets forth Plaintiffs' legal argument and conclusions and characterization of the cited caselaw, to which no response is required. To the extent a response is required, Intervenors refer the Court to the relevant caselaw for its full context and meaning and deny the allegations to the extent they are inconsistent with the relevant caselaw.

229.    Paragraph 229 sets forth Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Intervenors deny.

230.    Paragraph 230 sets forth Plaintiffs' legal argument and conclusions and characterization of the cited caselaw, to which no response is required. To the extent a response is required, Intervenors deny, refer the Court to the relevant caselaw, and deny the allegations to the extent they are inconsistent with the relevant caselaw.

231.    Paragraph 231 sets forth Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Intervenors deny.

232.    Paragraph 232 sets forth Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Intervenors deny.

233.    Paragraph 233 sets forth Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Intervenors deny.

234.    Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in the fourth sentence of Paragraph 234, and therefore deny them. The remaining allegations set forth Plaintiffs' legal argument and conclusions, to which no response is required. To the extent a response is required, Intervenors deny.

235.    Paragraph 235 sets forth Plaintiffs' legal conclusions and request for relief, to which no response is required. To the extent a response is required, Intervenors deny.

## DECLARATORY RELIEF

236.    Paragraph 236 is a statement incorporating Plaintiffs' allegations in the preceding paragraphs, to which no response is required. To the extent a response is required, Intervenors incorporate their preceding responses.

237.    Paragraph 237 sets forth Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Intervenors deny.

238.    Paragraph 238 sets forth Plaintiffs' legal conclusions and request for relief, to which no response is required. To the extent a response is required, Intervenors deny.

239.    Paragraph 239 consists of a partial quotation from 28 U.S.C. § 2201(a). Intervenors admit that the quoted words appear in the cited statute.

240.    Paragraph 240 sets forth Plaintiffs' legal conclusions and request for relief, to which no response is required. To the extent a response is required, Intervenors deny.

## PRAYER FOR RELIEF

The remaining paragraphs in Plaintiffs' Amended Complaint constitute Plaintiffs' prayer for relief, to which no response is required. To the extent a response is required, Intervenors deny the allegations in Plaintiffs' prayer for relief, and further deny that Plaintiffs are entitled to any relief in this case.

## AFFIRMATIVE DEFENSES

Without limiting or waiving any other defenses available to them, Intervenors state the following defenses to the Amended Complaint:

1.   Some or all of Plaintiffs' claims are unripe for judicial review.

2.   Some or all Plaintiffs lack standing to bring this action.

3.   Some or all of Plaintiffs' claims fail to state a claim upon which relief may be granted.

4.   Some or all of Plaintiffs' claims are barred by the Court's lack of subject matter jurisdiction.

5.   The allegations in Plaintiffs' Amended Complaint are unreviewable for lack of final agency action.

6.   Some or all of Plaintiffs' claims should be dismissed for failure to exhaust administrative remedies.

7.   Some or all of Plaintiffs' claims and requests for relief are barred by the comity doctrine.

8.   The Court lacks authority to issue some or all of the relief sought against Defendants.

9.   The Act is not preempted by federal law.

10.    The Act is not preempted by the United States Constitution.

11.    The Act does not violate the United States Constitution.

12.    The Act does not violate the New York State Constitution.

13.    There is neither factual nor legal support for injunctive or equitable relief.

14.    Intervenors reserve the right to amend their answer pursuant to Fed. R. Civ. P. 15

and raise additional defenses.


Wherefore, Intervenors respectfully request judgment against Plaintiffs as follows:

a.    Dismissing and denying the claims in the Amended Complaint in their entirety;

and

b.    Granting such other and further relief as this Court deems appropriate.


Dated: May 30, 2025                    Respectfully submitted,

/s/ Michelle Wu
Michelle Wu (NDNY Bar No. 706205)
Mitchell S. Bernard (NDNY Bar No. 104409)
Natural Resources Defense Council, Inc.
40 West 20th Street, 11th Floor
New York, NY 10011
(646) 889-1489
michellewu@nrdc.org
mbernard@nrdc.org

/s/ Dror Ladin
Dror Ladin (NDNY Bar No. 705171)
Earthjustice
48 Wall Street, 15th Floor
New York, NY 10005
(917) 410-8701
dladin@earthjustice.org

*Counsel for Movants*