UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

STATE OF WEST VIRGINIA, *et al.*,

        Plaintiffs,

   v.                                                                          1:25-CV-168
                                                                   (BKS/DJS)

LETITIA JAMES, *et al.*,

        Defendants.
_____

**DANIEL J. STEWART**
**United States Magistrate Judge**

# REPORT-RECOMMENDATION and ORDER[1]

## I. INTRODUCTION

In 2024, New York enacted the Climate Change Superfund Act ("the Act"). The Act came about in part as the result of a legislative finding that "[c]limate change, resulting primarily from the combustion of fossil fuels, is an immediate, grave threat to the state's communities, environment, and economy." 2024 Sess. Law News of N.Y. Ch. 679 (S. 2129-B) (McKinney's). As part of a comprehensive legislative regime, the Act establishes a "climate change adaptation cost recovery program." N.Y. Env't Conserv. Law § 76-0103(1). Among the goals of the program are "[t]o secure compensatory payments from responsible parties" and "to identify climate change

---

[1] This matter is properly addressed through a Report-Recommendation, rather than a Decision. *See New York Chinese TV Programs, Inc. v. U.E. Enterprises, Inc.*, 996 F.2d 21, 22 (2d Cir. 1993).

1

adaptive infrastructure projects and to "disperse funds" to such projects. *Id.* at § 76-0103(2)(a), (e), & (f). The Act sets out to recover $75 billion dollars from responsible parties. *Id.* at § 76-0101(6).

This action was commenced by twenty-two states and four industry groups against New York's Attorney General, and the Commissioners of the State Departments of Environmental Conservation and Taxation and Finance. Dkt. No. 1. Plaintiffs thereafter amended the Complaint as of right. Dkt. No. 125, Am. Compl.[2] The Amended Complaint contains nine separately enumerated causes of action:

1) Preemption under the Supremacy Clause;

2) Preemption under the Clean Air Act;

3) Violation of the Commerce Clause;

4) Violation of the Fourteenth Amendment Due Process Clause;

5) Violation of New York's Due Process Clause;

6) Violation of the Fourteenth Amendment Equal Protection Clause;

7) Violation of the Eighth Amendment Excessive Fines Clause;

8) Violation of the Fifth Amendment Takings Clause; and

9) Violation of New York's Takings Clause.

---

[2] An arguably related matter is pending in the Southern District of New York, where Defendants have moved to transfer that case to this District. *See Chamber of Commerce of the United States of America, et al. v. James, et al.*, 1-25-cv-1378 (S.D.N.Y.).

*See generally* Am. Compl. Plaintiffs seek injunctive and declaratory relief. *Id.* at pp. 72-76.

Defendants have answered the Amended Complaint, Dkt. No. 157, and a Rule 16 conference is scheduled in the matter for September 16, 2025. Dkt. No. 170. Presently pending is the Motion for Permissive Intervention as Defendants, Dkt. No. 130, filed by four "nonprofit organizations devoted to addressing various aspects of the climate crisis, including adaptation and resilience." Dkt. No. 130-1 at p. 2. Plaintiffs oppose the Motion. Dkt. No. 153. Defendants have taken no position.

## II. DISCUSSION

Permissive intervention under FED. R. CIV. P. 24 is available when a party "has a claim or defense that shares with the action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B). The Rule also specifically directs courts to consider whether intervention will delay or prejudice the rights of the original parties. *Id.*; *see also Alvarez v. Experian Info. Sols., Inc.*, 758 F. Supp. 3d 60, 77 (E.D.N.Y. 2024). The Second Circuit has recognized that a number of factors should be considered in evaluating intervention generally under Rule 24. Specifically, it has held:

> To be granted intervention as of right or by permission, an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action. We have underscored that a [f]ailure to satisfy any one of these four requirements is a sufficient ground to deny the application.

3

*Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014) (internal quotations and footnotes omitted); *see also Penn-Star Ins. Co. v. McElhatton*, 818 F. App'x 67, 70 (2d Cir. 2020).[3] While intervention under this Rule is evaluated under a more liberal standard than intervention as of right under Rule 24(a), *BNP Paribas v. Kurt Orban Partners LLC*, 2021 WL 355136, at *2 (S.D.N.Y. Feb. 2, 2021), "[p]ermissive intervention is wholly discretionary with the trial court." *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978); *see also AT & T Corp. v. Sprint Corp.*, 407 F.3d 560, 561 (2d Cir. 2005).

Intervenors' application is clearly timely and the Court has little doubt that they have a legitimate interest in the defense of this action, points Plaintiffs do not dispute. It is with respect to other relevant factors, in particular the extent to which the Intervenors' interests are not already adequately represented in this case and the risk that permitting intervention may have on the orderly litigation of these important issues, that the Court finds Intervenors' Motion falls short.

The underlying subject matter of this litigation which Intervenors broadly, but fairly, characterize as "[t]he harms from climate change," Dkt. No. 130-1 at p. 1, is a subject of great concern to many. It is also a topic that touches broad swaths of society, from the business community to healthcare interest groups, and those holding

---

[3] Some cases do not identify intervention as of right and by permission as requiring the same standards, but almost all such cases do identify the extent to which a proposed intervenor's rights are already adequately represented as a relevant factor. *See H.L. Hayden Co. of New York v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 89 (2d Cir. 1986).

environmental concerns. "Given the significant interest of various third parties in this litigation, granting permissive intervention to the . . . proposed intervenors would likely result in further requests for permissive intervention which may ultimately delay the litigation and present obstacles to its manageability." *Kearns v. Cuomo*, 2019 WL 5060623, at *6 (W.D.N.Y. Oct. 9, 2019). This cautions against permitting intervention.[4] Plaintiffs have represented, without contradiction, on the record that they have been actively consulting with Defendants about scheduling in this case to permit it to move forward as expeditiously as possible. Dkt. No. 153 at pp. 8-9. Permitting the intervention of other parties necessarily will complicate that process.

Moreover, it is not clear that intervention is necessary for effective litigation of this matter. Intervenors suggest that they "will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." Dkt. No. 130-1 at pp. 14-15 (citing *H.L. Hayden Co. of N.Y. v. Siemans Med. Sys. Inc.*, 797 F.2d at 89). Here, however, it is unclear that given the nature of Plaintiffs' constitutional claims that significant discovery is likely to be necessary or beneficial in litigating the matter. *See* Dkt. No. 153 at p. 7. And Intervenors offer no basis for finding that their intervention is necessary for resolution of those legal questions. "The Court is therefore not persuaded that there are underlying factual issues in the suit that the Proposed Intervenors would assist in

---

[4] Restrictions on the timeliness of applications would impose some limits on future applications to intervene, but not without expending the resources of the parties and the Court in litigating such applications.

developing, nor that their expertise will significantly contribute to the just and equitable adjudication of the legal questions presented, such that they should be permitted to participate as defendants." *Plumbers of City of New York, Inc. v. City of New York*, 2025 WL 579973, at *3 (S.D.N.Y. Feb. 21, 2025) (internal quotations omitted).

Although many courts attribute only "minor" weight to the issue of adequacy of representation of existing parties, *see Allco Fin. Ltd. v. Etsy*, 300 F.R.D. 83, 88 (D. Conn. 2014) (citing cases), "[a]dequate representation weights against permitting intervention." *New York v. Scalia*, 2020 WL 3498755, at *4 (S.D.N.Y. June 29, 2020). The Court finds this to be a particularly relevant factor given the circumstances of this case.[5] The challenge brought here is to a state statute and is against the state officials charged with implementing and enforcing the Act. *See* Am. Compl. at ¶¶ 9-16 & 45-47 (summarizing nature of claims and identifying Defendants). The Attorney General of New York has appeared on behalf of the Defendants. And it is not clear that intervention would benefit the litigation since it is likely "that the ultimate objective of the . . . proposed intervenors [will be] vigorously and competently pursued by Defendants as represented by the New York State Attorney General and Solicitor General." *Kearns v. Cuomo*, 2019 WL 5060623, at *6.

---

[5] "[C]ourts applying Rule 24 'must be mindful that each intervention case is highly fact specific and tends to resist comparison to prior cases.'" *Kamdem-Ouaffo v. Pepsico, Inc.*, 314 F.R.D. 130, 134 (S.D.N.Y. 2016) (quoting *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Ams.*, 262 F.R.D. 348, 352 (S.D.N.Y.2009)).

As noted above, the Court recognizes that certain claims in this action may require little discovery, but to the extent discovery is needed, the named Defendants will be in the best position to know both what type of information they need from Plaintiffs regarding the nature and structure of programs being implemented under the Act and it would likewise be from the named Defendants and their agencies that Plaintiffs would almost exclusively seek discovery.[6] Intervenors likely would be present in the litigation for purposes of presenting legal arguments on motions that, with leave of court, they could do just as effectively in an *amicus curiae* capacity. *Bldg. & Realty Inst. of Westchester & Putnam Ctys., Inc. v. New York*, 2020 WL 5667181, at *8. As a result, it is unclear to the Court that intervention would do anything but "merely underline issues already raised by the primary parties, and the Court is thus not persuaded that a significant benefit would be gained by . . . intervention." *Real Est. Bd. of New York, Inc. v. City of New York*, 2025 WL 673941, at *2 (S.D.N.Y. Mar. 3, 2025) (internal quotations omitted).

Intervenors have also drawn the Court's attention to a recent decision from the District of Vermont, permitting intervention of "organizations whose members have experienced the impacts of climate change and borne the costs of recovering from climate harms," Dkt. No. 175 (citing *Chamber of Commerce of the United States of*

---

[6] To the extent Intervenors may wish to engage in specific discovery regarding their interests, that is a factor that might further suggest that the Motion should be denied as discovery of that nature might be extraneous to the fundamental issues in this case. *See Bldg. & Realty Inst. of Westchester & Putnam Ctys., Inc. v. New York,* 2020 WL 5667181, at *7 (S.D.N.Y. Sept. 23, 2020).

*America, et al. v. Moore, et al.*, 2025 WL 1795803, at *2 (D. Vt. June 30, 2025)), in further support of the Motion. That decision is distinguishable and does not alter the Court's view. In that case, the Court was clearly influenced by the consent of the state officials named as Defendants to the request to intervene. *Chamber of Commerce of the United States of America, et al. v. Moore, et al.*, 2025 WL 1795803, at *3. Here, the named Defendants have not noted their consent to the intervention request.

### III. CONCLUSION

**ACCORDINGLY**, it is

**RECOMMENDED**, that the Motion to Intervene (Dkt. No. 130) be **DENIED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72

& 6(a).

Dated: September 3, 2025
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge