UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
ALBANY DIVISION

| | |
|---|---|
| STATE OF WEST VIRGINIA, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> LETITIA JAMES, et al., <br><br> *Defendants*, <br><br> and <br><br> WEST HARLEM ENVIRONMENTAL ACTION, INC., BLACK FARMERS UNITED-NEW YORK STATE, INC., CITIZENS CAMPAIGN FOR THE ENVIRONMENT, and CATSKILL MOUNTAINKEEPER, <br><br> *Proposed Defendant-Intervenors*. | Civil Action No. 1:25-cv-168 (BKS/DJS) |

**OBJECTIONS TO REPORT AND RECOMMENDATION**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ............................................................................................................... 1

STANDARD OF REVIEW ................................................................................................. 1

ARGUMENT ....................................................................................................................... 1

CONCLUSION .................................................................................................................... 5

## TABLE OF AUTHORITIES

### Cases

*335-7 LLC v. City of New York*,
    No. 20-cv-1053 (ER), 2020 WL 3100085 (S.D.N.Y. June 11, 2020) ................................. 3, 4

*Ass'n of Connecticut Lobbyists LLC v. Garfield*,
    241 F.R.D. 100 (D. Conn. 2007) ................................................................................... 3, 4

*Chamber of Com. v. Moore*,
    No. 2:24-cv-01513, 2025 WL 1795803 (D. Vt. June 30, 2025) ........................................... 2

*Doe #1 v. Syracuse Univ.*,
    No. 5:18-cv-496 (BKS/ML), 2020 WL 2028285 (N.D.N.Y. Apr. 28, 2020) ........................ 1

*Green Mountain Chrysler Plymouth Dodge Jeep v. Torti*,
    No. 2:05-cv-302, 2006 WL 8567240 (D. Vt. May 3, 2006) ............................................. 2, 4

*Greene v. WCI Holdings Corp.*,
    956 F. Supp. 509 (S.D.N.Y. 1997), *aff'd*, 136 F.3d 313 (2d Cir. 1998) ................................ 1

*Hum. Servs. Council of N.Y. v. City of New York*,
    No. 21-cv-11149 (PGG), 2022 WL 4585815, (S.D.N.Y. Sep. 29, 2022) ............................... 4

*Kearns v. Cuomo*,
    No. 1:19-cv-00902 EAW, 2019 WL 5060623 (W.D.N.Y. Oct. 9, 2019) ............................... 2

*New York v. Scalia*,
    No. 20-cv-1689 (GHW), 2020 WL 3498755 (S.D.N.Y. June 29, 2020) ............................... 4

*New York v. U.S. Dep't of Health & Hum. Servs.*,
    No. 19-cv-4676 (PAE), 2019 WL 3531960 (S.D.N.Y. Aug. 2, 2019) ................................... 5

### Statutes

28 U.S.C. § 636(b)(1) ............................................................................................................. 1

N.Y. Env't Conserv. Law § 76-0101(2) .................................................................................. 4

N.Y. Env't Conserv. Law § 76-0103(3) .................................................................................. 4

N.Y. Env't Conserv. Law § 76-0103(4) .................................................................................. 4

## INTRODUCTION

Pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Local Rule 72.1(c), Movants West Harlem Environmental Action, Inc., Black Farmers United-New York State, Inc., Citizens Campaign for the Environment, and Catskill Mountainkeeper file these objections to the Report and Recommendation (the "R&R") recommending denial of their motion for permissive intervention under Federal Rule of Civil Procedure 24(b)(1)(B). *See* Report-Recommendation & Order, ECF No. 187 (Sept. 3, 2025).

## STANDARD OF REVIEW

"This Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection." *Doe #1 v. Syracuse Univ.*, No. 5:18-cv-496 (BKS/ML), 2020 WL 2028285, at *1 (N.D.N.Y. Apr. 28, 2020). In conducting its review, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district judge also "retains the power to engage in *sua sponte* review of any portion of the magistrate's report and recommendation." *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 514 (S.D.N.Y. 1997), *aff'd*, 136 F.3d 313 (2d Cir. 1998) (citation omitted).

## ARGUMENT

Movants submit the following objections to the R&R.[1]

First, a significant conclusion in the R&R was based on a factual error: the misapprehension that the State Defendants did not consent to Movants' intervention, *see* R&R at 8, when in fact the State Defendants *did* consent to Movants' intervention. *See* Notice of Mot. Intervene 2, ECF No. 130 (Apr. 11, 2025) (noting that "Defendants consent to the relief

---

[1] Movants do not object to the background or the standard for intervention cited in the R&R.

1

requested in this motion"); *see also* Mem. Supp. Mot. Intervene ("Int. Mem.") 2 n.1, ECF No. 130-1 (Apr. 11, 2025) (noting that "Defendants consent to the relief requested in this motion"). Based on this misunderstanding, the R&R erroneously distinguished a recent decision from the District of Vermont granting two nonprofit organizations (represented by undersigned counsel) permission to intervene defensively in a challenge to Vermont's Climate Superfund Act in parallel circumstances. *See* R&R at 7-8.

This was a material error. As the R&R acknowledged, the District of Vermont "was clearly influenced by the consent of the state officials named as Defendants to the request to intervene." R&R at 8. The District of Vermont reasoned that, "[w]hile not dispositive, a state's consent to intervention may be seen as an acknowledgement that Movants might 'be able to advocate for aspects of the case that are outside of the State's purview, or beyond its area of expertise.'" *Chamber of Com. v. Moore*, No. 2:24-cv-01513, 2025 WL 1795803, at *3 (D. Vt. June 30, 2025) (quoting *Green Mountain Chrysler Plymouth Dodge Jeep v. Torti*, No. 2:05-cv-302, 2006 WL 8567240, at *5 (D. Vt. May 3, 2006)); *see also* Notice of Supp. Auth., ECF No. 175 (July 1, 2025) (explaining, *inter alia*, that the District of Vermont granted permissive intervention "with the state defendants' consent, and over plaintiffs' opposition" and that the "same factor[]" supports Movants' motion in this case). In this case, too, permissive intervention is especially appropriate—despite the government's vigorous defense, *see* R&R at 6—because the State consents to Movants' intervention.

Second, the R&R reasoned that because the subject of this litigation is of broad societal concern, granting Movants' motion would likely result in further applications for intervention that would delay the litigation and present case management concerns. *See* R&R at 4-5. But there is no basis for these concerns here. In the case cited in the R&R, *Kearns v. Cuomo*, No. 1:19-cv-

2

00902 EAW, 2019 WL 5060623 (W.D.N.Y. Oct. 9, 2019), "numerous third parties [had] sought leave of court to become involved in various ways," including through two different motions to intervene and four different requests for leave to file amicus curiae briefs, all filed over the span of a couple months. *Id.* at *1-2. In this case, by contrast, no one else—other than Movants here—has sought to intervene, even though the case has been pending for seven months.[2] *See 335-7 LLC v. City of New York*, No. 20-cv-1053 (ER), 2020 WL 3100085, at *4 (S.D.N.Y. June 11, 2020) (dismissing as "unfounded" the concern that permitting intervention "could open the floodgates to potential intervenors" where the action had been pending for four months and "any additional application to intervene may well be untimely"). Similarly, in the Vermont Climate Superfund litigation—which, like this case, has received a fair amount of publicity—no one else sought intervention even after the court allowed two nonprofit organizations to intervene.

Third, the R&R suggested that permitting intervention would complicate the principal parties' efforts to coordinate scheduling and move the case forward expeditiously. *See* R&R at 5-6. But Movants explained they are "prepared to adhere to any court-ordered briefing schedule," Int. Mem. 9, including one negotiated by the principal parties and endorsed by the Court. At this early stage of the litigation, Movants' intervention would not cause any material delay. *See id.*; *see also Ass'n of Conn. Lobbyists LLC v. Garfield*, 241 F.R.D. 100, 102 (D. Conn. 2007) ("Additional parties always take additional time which may result in delay, but this does not mean that intervention should be denied. The rule requires the court to consider whether

---

[2] Alongside Movants here, three additional organizations—Food & Water Watch, Third Act Initiative, Inc., and Fridays For Future NYC—jointly moved for permissive intervention in the case filed by the United States challenging the New York Climate Change Superfund Act in the Southern District of New York. Mot. Intervene, *United States v. New York*, No. 25-cv-3656 (PKC) (S.D.N.Y. Aug. 15, 2025), ECF No. 57. To our knowledge, none of those organizations intends to seek to intervene in this case.

3

intervention will 'unduly delay' the adjudication." (citation omitted)). Plaintiffs seek a quick resolution, *see* R&R at 5 (citing Pls. Opp'n 8-9, ECF No. 153 (May 2, 2025)), but the Court will have ample time to resolve the case before any obligations are imposed: the agency's implementing regulations are not due until 2027, *see* N.Y. Env't Conserv. Law § 76-0103(4)(a), and cost recovery payments from (as-yet-unidentified) responsible parties are not due until the end of 2028, s*ee id.* §§ 76-0101(2) (defining "applicable payment date"), 76-0103(3)(e)(i).

      Finally, the R&R reasoned that as to legal questions, Movants could present their arguments as amici curiae. R&R at 7. But amici status is a poor fit for Movants, whose unique and substantial interests in the case, *see* Int. Mem. 10-14, are not limited to a single phase of this litigation or a single issue. Courts routinely allow permissive intervention in cases presenting primarily legal challenges to enacted laws. *See, e.g., Hum. Servs. Council of N.Y. v. City of New York*, No. 21-cv-11149 (PGG), 2022 WL 4585815, at *1, 3-5 (S.D.N.Y. Sep. 29, 2022) (permitting intervention to defend city law from preemption and constitutional challenge); *335-7 LLC*, 2020 WL 3100085, at *1, 3 (permitting intervention to defend the constitutionality of a city rent stabilization law); *Green Mountain Chrysler*, 2006 WL 8567240, at *1, *5 (permitting intervention in preemption case); *Garfield*, 241 F.R.D. at 103-04 (permitting intervention in a "facial constitutional challenge to a newly-enacted statute"). And courts have repeatedly found that "Plaintiffs cannot claim an appreciable burden from having to respond to Proposed Intervenors' legal arguments, whose submissions as *amicus curiae* the Court otherwise undoubtedly would have received." *335-7 LLC*, 2020 WL 3100085, at *4*; see also, e.g.*, *New York v. Scalia*, No. 20-cv-1689 (GHW), 2020 WL 3498755, at *5 (S.D.N.Y. June 29, 2020) (same); *New York v. U.S. Dep't of Health & Hum. Servs.*, No. 19-cv-4676 (PAE), 2019 WL 3531960, at *7 (S.D.N.Y. Aug. 2, 2019) (same).

## CONCLUSION

For the foregoing reasons, Movants urge the Court to overrule the R&R and grant their motion for permissive intervention.

Dated: September 17, 2025

Respectfully submitted,

/s/ Michelle Wu
Michelle Wu (NDNY Bar No. 706205)
Mitchell S. Bernard (NDNY Bar No. 104409)
Natural Resources Defense Council, Inc.
40 West 20th Street, 11th Floor
New York, NY 10011
(646) 889-1489
michellewu@nrdc.org
mbernard@nrdc.org

/s/ Dror Ladin
Dror Ladin (NDNY Bar No. 705171)
Earthjustice
48 Wall Street, 15th Floor
New York, NY 10005
(917) 410-8701
dladin@earthjustice.org

*Counsel for Movants*