

**STATE OF NEW YORK**
**OFFICE OF THE ATTORNEY GENERAL**

LETITIA JAMES
Attorney General

DIVISION OF SOCIAL JUSTICE
Environmental Protection Bureau

October 15, 2025

<u>Via CM/ECF</u>
The Honorable Brenda K. Sannes
Chief U.S. District Judge
United States District Court for the Northern District of New York
Federal Building and U.S. Courthouse
P.O. Box 7336
Syracuse NY 13261-7336

    Re:   *West Virginia v. James,* No. 1:25-cv-00168-BKS-DJS;
           *Chamber of Commerce of the United States of America v. James,*
           No. 1:25-cv-01307-BKS-DJS

Dear Chief Judge Sannes:

    Our office represents defendants Attorney General Letitia James, Commissioner Amanda Lefton, and Acting Commissioner Amanda Hiller (collectively, "New York") in the above-referenced matters. I write to respectfully request that the Court consolidate the two actions pursuant to Rule 42 of the Federal Rules of Civil Procedure because they involve common question of law or fact and because consolidation is in the interest of judicial economy. All parties consent to this request.

    In addition, as in *West Virginia v. James* (*West Virginia*), the parties in *Chamber of Commerce of the United States of America v. James* ("*Chamber of Commerce*") have agreed to file cross-motions for partial summary judgment on Counts I and II of the complaint, which are similar to Counts I and II of the complaint in *West Virginia*. The parties in *Chamber of Commerce* respectfully request that the Court order the briefing schedule set forth below. New York also requests, with *West Virgina's* consent, that the Court revise the briefing schedule in *West Virginia* to align with the schedule proposed by the parties in *Chamber of Commerce*.

## **<u>Consolidation</u>**

    Pursuant to Rule 42, a court may consolidate actions which "involve a common question of law or fact." The rule gives district courts "broad discretion to determine

whether consolidation is appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). "In the exercise of discretion, courts have taken the view that considerations of judicial economy favor consolidation." *Id.* at 1285.

The Court should consolidate *West Virginia* and *Chamber of Commerce* because they involve common questions of law or fact and because consolidation will conserve judicial and party resources. *Chamber of Commerce* was transferred to this court from the Southern District of New York after the court there granted New York's motion to transfer, finding the two cases related because the *West Virginia* plaintiffs "raise identical claims to those claims raised in [the *Chamber of Commerce*] case, all asserting that the [New York Climate Change Superfund] Act is unconstitutional or precluded by the Clean Air Act" and that "it would be inefficient and unnecessarily burdensome to litigate them in two separate courts." *Chamber of Commerce,* ECF No. 53 at 10. Because both cases raise the same legal issues, consolidation will conserve judicial and party resources by allowing the Court, and New York, to address those legal issues together rather than in two separate cases. All the parties consent to this request.

If the Court declines to consolidate the two actions, New York respectfully requests permission to file one brief in response to the motions for summary judgment and support of New York's cross-motions for summary judgment in both actions.

## *Chamber of Commerce* Summary Judgment Briefing Schedule

The parties in *Chamber of Commerce* have conferred and have agreed to file cross-motions for partial summary judgment on Counts I and II of the Complaint, which are similar to Counts I and II in *West Virginia.* As in *West Virginia,* the *Chamber of Commerce* plaintiffs believe no discovery is necessary because the claims involve purely legal questions. New York has agreed to proceeding to summary judgment on Counts I and II without discovery but intends to cross-move for summary judgment on the same claims as well as justiciability and to rely on expert testimony to support its motion and to oppose the *Chamber of Commerce* motion. New York has disclosed the general topics for that testimony and the *Chamber of Commerce* plaintiffs agree to waive any objection to expert testimony on the grounds that New York has not provided disclosures required by Rule 26(a)(2). *Chamber of Commerce* plaintiffs reserve the right to object to the expert testimony on any other ground and the right to submit testimony of rebuttal experts. The parties also reserve all of their rights to expert discovery if the Court does not grant either of the cross-motions for partial summary judgment. The parties also reserve all rights pursuant to Rule 56 in connection with their opposition to the motion of the adverse party, including the right to assert that facts essential to a party's opposition are unavailable to the party.

The *Chamber of Commerce* parties propose the following schedule for the cross-motions for partial summary judgment. The proposed schedule is the same as the schedule in *West Virginia*, except for the last two dates.

- Chamber of Commerce motion: October 31, 2025
- New York cross-motion and opposition to Chamber of Commerce motion: December 19, 2025
- Chamber of Commerce reply and opposition to New York motion: February 13, 2026
- New York reply: March 13, 2026

**Extension of *West Virginia* Summary Judgment Briefing Schedule**

As noted above, New York would like to file a single brief in connection with its cross-motions for summary judgment and in opposition to plaintiffs' motions. As a result, New York respectfully requests that the briefing schedule in *West Virginia* be modified as follows to align with the proposed schedule in *Chamber of Commerce*. The *West Virginia* plaintiffs consent to this request.

- West Virginia reply and opposition to New York motion: extended two weeks from January 30, 2026 to February 13, 2026
- New York reply: extended two weeks from February 27, 2026 to March 13, 2026

For the reasons set forth herein, New York respectfully requests that the Court consolidate the *West Virginia* and *Chamber of Commerce* actions, order the briefing schedule for cross-motions for partial summary judgment in *Chamber of Commerce,* and amend the briefing schedule in *West Virginia* to align with the schedule in *Chamber of Commerce.*

Respectfully,

By: /s/ Ayah F. Badran

Ayah F. Badran (NDNY Bar No. 706184)
Assistant Attorney General
Office of the New York State Attorney General
Environmental Protection Bureau
The Capitol
Albany, NY 12224
(518) 776-2394
Ayah.Badran@ag.ny.gov