

**STATE OF NEW YORK**
**OFFICE OF THE ATTORNEY GENERAL**

LETITIA JAMES
Attorney General

DIVISION OF SOCIAL JUSTICE
Environmental Protection Bureau

November 21, 2025

BY CM/ECF
The Honorable Daniel J. Stewart
U.S. Magistrate Judge
United States District Court for the Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, 4th Floor
Albany, New York 12207

      Re:   *West Virginia v. James*
               No. 1:25-cv-00168-BKS-DJS

Dear Magistrate Judge Stewart:

      Pursuant to Local Rule 7.1(a)(2), defendants (together, "New York") request a pretrial conference regarding a motion to strike (1) the declaration by economist Benjamin Zycher, ECF 217-26 ("Zycher Decl."), that the plaintiffs in *West Virginia v. James* (together, "West Virginia") submitted in support of their motion for partial summary judgment; and (2) several paragraphs of the declaration by United States Deputy Secretary of State Christopher Landau, ECF 222-1 ("Landau Decl."), that the United States submitted in support of its statement of interest.

      Rule 56(c)(4) of the Federal Rules of Civil Procedure provides that a declaration may support a motion for summary judgment only if it "set[s] out facts that would be admissible in evidence and show[s] that the affiant or declarant is competent to testify on the matters stated." Dr. Zycher's declaration is inadmissible and thus may not be used to support West Virginia's motion for summary judgment because the declaration does not meet the requirements for expert testimony established by Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993).[1] Several paragraphs of Deputy Secretary Landau's declaration

---

[1] The Joint Case Management Plan submitted by West Virginia and New York provides that West Virginia waives any objection to expert testimony submitted by New York on the ground that New York has not provided disclosures required by Federal Rule of Civil Procedure 26(a)(2) but that West

THE CAPITOL, ALBANY, NEW YORK, NY 12224 ● PHONE (518) 776-2400 ● FAX (212) 650-9363 ● WWW.AG.NY.GOV
Writer's Direct Phone: (518) 776-2394 ● Email Address: ayah.badran@ag.ny.gov

The Hon. Daniel J. Stewart<br>
November 21, 2025<br>
Page 2

are inadmissible because they make general and conclusory statements that Deputy Secretary Landau does not indicate are based on his personal knowledge.

New York has discussed its proposed motion with counsel for West Virginia and the United States. They both intend to oppose the motion.

## **THE CLIMATE CHANGE SUPERFUND ACT**

The Climate Change Superfund Act (the "Climate Act") establishes "the climate change adaptation cost recovery program" to help offset a portion of the costs that New York will incur to address the significant harms from climate change in the State. N.Y. Env't Conserv. Law § 76-0103. Fossil fuel companies that meet statutory thresholds, including "sufficient contacts with the state to satisfy the due process clause," ("responsible parties") will be required to collectively pay $75 billion into a climate adaptation fund. *Id.* §§ 76-0101(6), (21), 76-0103(3)(b).

## **ARGUMENT**

A declaration in support of a motion for summary judgment must "set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P 56(c)(4). The Court should allow New York to move to strike Dr. Zycher's testimony because it does not meet the standards for expert opinion testimony. The Court should also allow New York to move to strike portions of Deputy Secretary Landau's testimony because he makes generalized and conclusory statements that are not based on his personal knowledge.

**A.  Dr. Zycher's Declaration Is Inadmissible.**

**1.  Dr. Zycher's declaration**

Dr. Zycher is a senior fellow at the American Enterprise Institute, where he works on energy and environmental policy. Zycher Decl. ¶ 1. He has a Ph.D in economics and a master's degree in public policy. *Id.* ¶¶ 1-3.

Dr. Zycher's declaration makes two primary contentions. First, he contends that the Climate Act will lower the production of fossil fuels and increase energy costs because investors will not view cost demands issued under the Act as a fixed cost

---

Virginia reserves the right to object to the expert testimony on any other ground. ECF 192 at 1-2. New York agreed by email on October 27 to abide by those conditions with respect to Dr. Zycher's declaration.

based on past greenhouse gas emissions (which would not affect the future production or price of fossil fuels) but instead as a tax that will affect both future production and prices. *See id.* ¶¶ 5,7-15, 27-29, 35, 42. Second, he contends that "the temperature impact of [greenhouse gas] emissions from U.S. natural gas and petroleum systems is not detectable." *Id.* ¶ 60; *see also id.* ¶¶ 16-17.

The fundamental premise for Dr. Zycher's first contention—that cost demands will be viewed as an ongoing tax rather than a fixed cost—is that investors believe that the likelihood of "a repeat of the [Climate Act] is greater than zero, whether high or low." *See id.* ¶¶ 27-29. Based on that premise, he posits that the $75 billion in reimbursement under the Climate Act will lead to $3.75 billion in spending "*every year*" going forward, *id.* ¶ 34 (emphasis added). Dr. Zycher provides no data, methodology, or studies showing that investors have that belief that fossil fuel companies will be assessed that amount every year. *See id.* ¶¶ 27-29, 34. Nor does he provide methodology or studies to support most of the other assumptions on which he bases his conclusion that the Act will increase energy costs and decrease production. *See id.* ¶¶ 35, 40-43, 45-47.

For Dr. Zycher's second contention, he refers to an EPA climate model to assert that "the temperature impact of [greenhouse gas] emissions from U.S. natural gas and petroleum systems is not detectable." *Id.* ¶ 60. Based on that contention, he asserts that the fossil fuel producers who will receive cost demands under the Climate Act do not bear the responsibility for climate change harm in New York that the Act attributes to them. *Id.* ¶ 62. The education and experience that Dr. Zycher describes in his declaration do not include any experience, education, or training that qualifies him to offer an expert opinion on how greenhouse gas emissions contribute to climate change in New York or the EPA climate model. *See id.* ¶¶ 1-3. Additionally, Dr. Zycher provides no data, methodology, or peer-reviewed sources supporting the other inputs and assumptions he relies upon nor the model he claims to rely on to reach his conclusion.

### 2. Dr. Zycher's testimony does not meet the requirements of *Daubert* and Federal Rule of Evidence 702.

Expert testimony is admissible under Federal Rule of Evidence 702 only if the witness "is qualified as an expert by knowledge, skill, experience, training, or education"; "the testimony is based on sufficient facts or data"; and "the testimony is the product of reliable principles and methods." Dr. Zycher's declaration does not provide any data or reliable principles and methods demonstrating that investors will view the Climate Act as a tax on future production of fossil fuels. Dr. Zycher is not

qualified to testify about the impacts of greenhouse gas emissions attributable to fossil fuel production on climate change in New York nor is his testimony regarding those impacts based on appropriate data or reliable principles and methods.

First, Rule 702 reflects the standards for expert testimony established in *Daubert*, where the Supreme Court held that the rule requires a district court to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." 509 U.S. at 589; *see also* Fed. R. Evid. 702, Advisory Committee's Note, 2000 Amendments ("Rule 702 has been amended in response to [*Daubert*]."). Thus, "[w]hen an expert opinion is based on data, a methodology or studies that are simply inadequate to support the conclusions reached, *Daubert* and Rule 702 mandate the exclusion of that unreliable opinion testimony." *Amorgianos v. Amtrak*, 303 F.3d 256, 266 (2d Cir. 2002). Dr. Zycher's testimony that the Climate Act will lower fossil fuel production and increase prices is inadmissible because large parts of his testimony are not based on data, methodology, or studies. *See* pp. 1-2 above.

Second, "[t]o determine whether a witness qualifies as an expert, courts compare the area in which the witness has superior knowledge, education, experience, or skill with the subject matter of the proffered testimony." *United States v. Tin Yat Chin*, 371 F.3d 31, 40 (2d Cir. 2004). Dr. Zycher's testimony about the impact of fossil fuel production on climate change is inadmissible because his declaration describes no knowledge, education, experience, or skill in climate change science or the EPA climate model to which he refers nor is his testimony based on reliable data, methodology, or studies.

**B.  Portions of Deputy Secretary Landau's Testimony Are Inadmissible.**

### 1. Deputy Secretary Landau's declaration

Deputy Secretary Landau's declaration discusses the Global Climate Protection Act, 15 U.S.C. § 2901 note; the United States' participation in the United Nations Framework Convention and the Kyoto Protocol and Paris Agreement, which were issued under the Convention; and several executive orders. Landau Decl. ¶¶ 3-14.

His declaration also makes a series of contentions about the impact of the Climate Act on foreign policy, *id.* ¶¶ 15-20, that are generalized, conclusory, and not supported by his personal knowledge. For example:

- He testifies about the purported economic impacts of the Climate Act, stating that the Act will "increase costs for energy producers" as well as "U.S. consumers" but provides no basis for those economic predictions. *Id.* ¶ 15;

- He states that the Climate Act "foments new frictions in international climate negotiations" but does not identify what those frictions are or how he knows about them. *See id.* ¶ 16;

- He states that the Act interferes with the "United States' participation in the Framework Convention and announcement of its intention to withdraw from the Paris Agreement" but does not explain how the Act has done so or what the basis is for his knowledge. *Id.* ¶ 17;

- He states without any examples or support that the Act "threatens to harm foreign relations between the United States and foreign countries where [fossil fuel] producers are based or have substantial operations" and speculates that foreign countries may "retaliate[d] through increased costs on U.S. fossil fuel producers." *Id.* ¶ 18;

- He makes the conclusory statement that the Act "hampers the federal government's capacity to speak with one voice when conducting commercial and political relations with foreign governments on issues such as climate change, regulation of greenhouse gas emissions, energy production, and national security." *See id.* ¶ 19; and

- He speculates that "[t]hese foreign policy harms would multiply" if other States enact similar laws. *Id.* ¶ 20.

2. **Portions of Deputy Secretary Landau's declaration are inadmissible because they are generalized, conclusory, and not based on his personal knowledge.**

A declaration in support of a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). "A court may therefore strike portions of an affidavit that are not based upon the affiant's personal knowledge, contain inadmissible hearsay or make generalized and conclusory statements." *Hollander v. Am. Cyanamid Co.*, 172 F.3d 192, 198 (2d Cir. 1999), *abrogated on other grounds*, *Reeves v. Sanderson Plumbing Prods. Inc.*,

The Hon. Daniel J. Stewart<br>
November 21, 2025<br>
Page 6

530 U.S. 133 (2000); *see also Nodoushani v. Southern Conn. State Univ.*, 507 Fed. App'x 79, 80 (2d Cir. 2013) (summary order); *U.S. v. Alessi*, 599 F.2d 513, 514-515 (2d Cir. 1979) (district courts may strike inadmissible parts of affidavits). Deputy Secretary Landau's testimony about the purported impacts of the Climate Act, Landau Decl. ¶¶ 15-20, should be stricken because it is generalized, conclusory, and not based on his personal knowledge. *See* p. 2 above.[2]

## CONCLUSION

For the reasons stated above, New York respectfully requests that it be permitted to file a motion to strike Dr. Zycher's declaration in its entirety and to strike portions of Deputy Secretary Landau's declaration. New York proposes that its motion to strike be briefed in accordance with the briefing schedule for the parties' summary judgment motions: New York will submit its motion on December 19; West Virginia and the United States will respond on February 13; and New York will reply on March 13. West Virginia and the United States agree to this schedule.

Respectfully,

By: ***/s/ Ayah F. Badran***
Ayah F. Badran (NDNY Bar No. 706184)
Assistant Attorney General
Office of the New York State Attorney General
Environmental Protection Bureau
The Capitol
Albany, NY 12224
(518) 776-2394
Ayah.Badran@ag.ny.gov

---

[2] Deputy Secretary Landau also testifies about several executive orders. Landau Decl. ¶¶ 11-14. Executive orders are admissible "only for the fact that they were issued, and not for the truth of any facts asserted in them." *Ajami v. Solano*, No. 3:19-cv-00161, 2020 U.S. Dist. LEXIS 34927, at *63 (M.D. Tenn. Feb. 28, 2020); *see also Upstate Shredding, LLC v. Ne. Ferrous, Inc.*, No. 3:12-CV-1015 (LEK/DEP), 2016 U.S. Dist. LEXIS 26042, at *43 (N.D.N.Y. Mar. 2, 2016) (the statements in a public record "are admissible if they fall within an exception to the hearsay rule") (citing Fed. R. Evid. 805). Thus, as New York will discuss in its response to the statement of interest filed by the United States, ECF 222, the United States may not rely on executive orders for the truth of the factual statements in those orders.