

**U.S. Department of Justice**

Environment and Natural Resources Division

---

*Environment and Natural Resources Division*
*P.O. Box 7611*
*Washington, DC  20044*

*Telephone (202) 514-4760*
*Email: Riley.Walters@usdoj.gov*

<u>VIA CM/ECF</u>

November 25, 2025

The Honorable Daniel J. Stewart
United States Magistrate Judge
United States District Court
Northern District of New York
445 Broadway, 4th Floor
Albany, NY 12207

   Re: Response to Defendants' Request to File Motion to Strike
     *West Virginia, et al. v. James, et al.*, No. 1:25-cv-00168-BKS-DJS

Dear Magistrate Judge Stewart:

  The United States opposes Defendants' proposed motion to strike certain paragraphs in the Declaration of Deputy Secretary of State Christopher Landau.  If the Court grants leave to file that motion, the United States respectfully requests permission to file an opposition.  Given the nature of the proposed motion and the agreed-upon briefing schedule, the United States also respectfully requests that the Court dispense with the conference under Local Rule 7.1(a)(2).

  Earlier this month, the United States filed a statement of interest as authorized under 28 U.S.C. § 517.[1]  As explained in that statement, the United States has a substantial interest in this matter because it directly implicates the United States' sovereign interest in the supremacy of federal law and the proper division of power between the national government and the states, especially as it relates to foreign affairs.  Given the foreign policy concerns at stake, the statement of interest includes a declaration from the Deputy Secretary of State, who serves as "the principal deputy, adviser, and alter ego to the Secretary of State" and "assist[s] the Secretary in the formulation and conduct of U.S. foreign policy."  Dkt. No. 222-1 ¶ 1.

---

[1] "The Solicitor General, or any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States, or in a court of a State, or to attend to any other interest of the United States."  28 U.S.C. § 517; *see Gross v. German Found. Indus. Initiative*, 456 F.3d 363, 384 (3d Cir. 2006) ("The United States Executive has the statutory authority, in any case in which it is interested, to file a statement of interest."); *Hall v. Clinton*, 285 F.3d 74, 80 (D.C. Cir. 2002) ("The statute plainly confers upon the Attorney General broad discretion in his decision to dispatch government lawyers 'to attend to *any* ... interest of the United States.'").

The United States routinely includes declarations with its statements of interest. *See, e.g.*, *Lopez-Aguilar v. Marion Cnty. Sheriff's Dep't*, 296 F. Supp. 3d 959, 965 (S.D. Ind. 2017); *Al-Aulaqi v. Panetta*, 35 F. Supp. 3d 56, 80 (D.D.C. 2014); *Kalantar v. Lufthansa German Airlines*, 276 F. Supp. 2d 5, 8 n.3 (D.D.C. 2003); *Ungaro Benages v. Dresdner Bank AG*, 2003 WL 25729923, at *1 n.6 (S.D. Fla. Feb. 20, 2003). And in doing so here, the United States does not seek to supplement the evidentiary record—nor could it, as a non-party. Instead, the United States is simply exercising its right under 28 U.S.C. § 517 to fully state and "attend to [its] interests" in a matter that directly affects federal authority. *See United States ex rel. Prather v. Brookdale Senior Living Cmtys., Inc.*, 892 F.3d 822, 833 n.6 (6th Cir. 2018) ("The legislative branch has created the scheme that gives the executive branch the ability to 'attend to the interests of the United States,' 28 U.S.C. § 517, as it—not we—may choose.").

Defendants' reliance on the evidentiary standards for party evidence at summary judgment is therefore misplaced, for the same reason such reliance would be misplaced if this were an ordinary amicus filing. *See Washington All. of Tech. Workers v. U.S. Dep't of Homeland Sec.*, 518 F. Supp. 3d 448, 453 n.2 (D.D.C. 2021) (denying motion to strike amicus brief because "the evidentiary standards for sworn testimony" do not apply (cleaned up)); *Kadel v. Folwell*, 2022 WL 1046313, at *2 (M.D.N.C. Apr. 7, 2022) ("Defendants argue that Proposed Amici's motion should be denied for failure to comply with requirements for expert testimony," but "Defendants do not cite, and this Court is not aware of any opinion requiring Amicus briefs to comply with the rules of Federal Rules of Evidence.").

Indeed, what is true for amicus briefs is even truer for statements of interest under 28 U.S.C. § 517. Congress broadly authorized the United States to attend to its interests in state and federal court, and the United States has done exactly that here by filing a declaration to provide a full picture of relevant federal interests and to support its representations. *See Lopez-Aguilar*, 296 F. Supp. 3d at 965 n.3 (declining to strike declaration included with statement of interest because it was "helpful" to the court's "analysis of the issues" and to the "correct disposition" of a stipulated judgment opposed by the United States); *cf. Bradford v. U.S. Dep't of Lab.*, 101 F.4th 707, 733 n.11 (10th Cir. 2024) (denying motion to strike amicus declaration, even though it constituted "extra-record evidence," because it "simply support[ed] points made in [the] brief" and addressed "matters relevant to the disposition of th[e] case" (cleaned up)). At most, Defendants' objections go to weight, not admissibility, because the United States (again, a non-party) is not seeking to admit any evidence.

In any event, Defendants are wrong to contend that the Deputy Secretary of State lacks personal knowledge of how New York's Climate Change Superfund Act affects foreign affairs. It is hard to imagine who would have *more* personal knowledge than the official who "carr[ies] out the President's foreign policy through the State Department and the Foreign Service of the United States." Dkt. No. 222-1 ¶ 1 (citing 22 U.S.C. § 2651a). What is more, Defendants' claim that the final six paragraphs in the declaration are "conclusory" ignores relevant language in those paragraphs and in the preceding ones. And again, Defendants' objections go to weight, not admissibility. *See Thevenin v. City of Troy*, 2019 WL 3759275, at *1 (N.D.N.Y. Aug. 9, 2019) (noting that the movant "bears a heavy burden" because "courts generally disfavor motions to strike" (quotation marks omitted)); *see also Republic of Austria v. Altmann*, 541 U.S. 677, 701–02 (2004) (observing that in some circumstances the view of the State Department "might well be entitled to

deference as the considered judgment of the Executive on a particular question of foreign policy"); *Sosa v. Alvarez-Machain*, 542 U.S. 692, 733 n.21 (2004) (noting that in certain cases "federal courts should give serious weight to the Executive Branch's view of the case's impact on foreign policy").

Accordingly, if the Court allows Defendants to file their proposed motion, the United States respectfully requests that the Court (1) grant it leave to file an opposition, (2) accept the briefing schedule proposed in Defendants' pre-motion letter, and (3) dispense with the conference under Local Rule 7.1(a)(2).

Respectfully submitted,

/s/ *Riley W. Walters*
Riley W. Walters (NDNY Bar No. 706914)
*Counsel*
United States Department of Justice
Environment and Natural Resources Division
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
(202) 514-4760
Riley.Walters@usdoj.gov