UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE OF WEST VIRGINIA, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> LETITIA JAMES, in her official capacity as the Attorney General of New York, et al., <br><br> *Defendants*. | No. 1:25-cv-00168-BKS-DJS |

**NEW YORK'S RESPONSE TO THE CHAMBER PLAINTIFFS' RULE 56.1 STATEMENT OF MATERIAL FACTS IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Local Rule 56.1(b), defendants ("New York") submit their response to Plaintiffs' Rule 56.1 Statement of Material Facts in Support of Plaintiffs' Motion for Partial Summary Judgment filed by the Chamber of Commerce, *et. al* ("the Chamber"), ECF 216-2.

The Chamber moves for summary judgment on Counts I and II of the Complaint prior to discovery. New York agreed to proceed to summary judgment on those claims after the Chamber asserted discovery was not necessary because the claims involved purely legal questions but New York reserved its right under Rule 56 of the Federal Rules of Civil Procedure (Fed.R.Civ.P) to assert that facts essential to its opposition are unavailable to it. *See* October 15, 2025 Letter to Judge Sannes at 2, ECF 203. Accordingly, New York submits this response without having conducted discovery and declares pursuant to Rule 56(d) that "it cannot present facts essential

1

to justify its opposition" to certain facts stated by the Chamber and identified below for that reason.

1.     Plaintiff the Chamber is the world's largest business federation, representing approximately 300,000 direct members. Durbin Decl. ¶ 6.

**Response 1:** Undisputed.

2.     The Chamber advocates on behalf of its members, including by bringing lawsuits, when necessary, to challenge the legality of federal and state regulation of business on behalf of its members and the broader business community in the United States. *Id.* ¶¶ 7-9.

**Response 2:** Undisputed.

3.     Among the Chamber's members are Exxon Mobil Corporation, Shell USA, Inc., Chevron Corporation, and BP America. *Id.* ¶ 16; Torrence Decl. ¶ 6; Swarup Decl. ¶ 5; Martini Decl. ¶ 6; Cochrane Decl. ¶ 3.

**Response 3:** Undisputed.

4.     If the Act is not declared invalid and enjoined, the Act will injure Chamber members Exxon Mobil Corporation, Shell USA, Inc., Chevron Corporation, and BP America. Durbin Decl. ¶¶ 18-22; Torrence Decl. ¶¶ 10-22; Swarup Decl. ¶¶ 15-26; Martini Decl. ¶¶ 13-21; Cochrane Decl. ¶¶ 13-21.

**Response 4:** New York denies this statement because N.Y. Env't Conserv. Law § 76-0103(4)(a) requires the New York State Department of Environmental Conservation ("DEC") to promulgate regulations to carry out the Act within thirty months after the effective date of the Act and issue notices of cost recovery demands

no later than June thirtieth of the fourth calendar year following the effective date of the Act for each responsible party's cost recovery demand, and DEC has not issued draft, let alone final, regulations to carry out the Climate Act, nor has DEC done any assessment of whether and to what extent any company may be a responsible party with a constitutionally sufficient nexus to the State to satisfy due process requirements.

In addition, New York does not have facts essential to oppose this statement because discovery, including discovery of the Chamber's declarants, has not been conducted. New York does not believe that this statement is material to the pending summary judgment motions so does not seek discovery at this time. If the statement is deemed material, New York requests an opportunity to conduct discovery as provided by its agreement with the Chamber.

5.     Such injuries include, for example, unrecoverable compliance costs, reputational harm, and the costs of defending against the Act's cost recovery demands. Durbin Decl. ¶¶ 18-22; Torrence Decl. ¶¶ 10-22; Swarup Decl. ¶¶ 15-26; Martini Decl. ¶¶ 13-22; Cochrane Decl. ¶¶ 13-21.

**Response 5:** New York denies this statement because N.Y. Env't Conserv. Law § 76-0103(4)(a) requires DEC to promulgate regulations to carry out the Act within thirty months after the effective date of the Act and issue notices of cost recovery demands no later than June thirtieth of the fourth calendar year following the effective date of the Act for each responsible party's cost recovery demand, and DEC has not issued draft, let alone final, regulations to carry out the Climate Act, nor has

DEC done any assessment of whether and to what extent any company may be a responsible party with a constitutionally sufficient nexus to the State to satisfy due process requirements.

In addition, New York does not have facts essential to oppose this statement because discovery, including discovery of the Chamber's declarants, has not been conducted. New York does not believe that this statement is material to the pending summary judgment motions so does not seek discovery at this time. If the statement is deemed material, New York requests an opportunity to conduct discovery as provided by its agreement with the Chamber. New York also objects to this statement on the basis that injuries to reputational harm and the costs of defending against the Act's cost recovery demands are speculative.

6. Plaintiff API is a national, not-for-profit trade association all segments of America's oil and natural gas industry. Meyer Decl. ¶ 4.

**Response 6:** Undisputed.

7. API advocates on behalf of its members, including by bringing lawsuits, when necessary, to challenge the legality of federal and state regulation of the oil and natural gas sector. *Id.* ¶ 7.

**Response 7:** Undisputed.

8. Among API's members are Exxon Mobil Corporation, Shell USA, Inc., Chevron Corporation, and BP America. *Id.* ¶ 15; Torrence Decl. ¶ 6; Swarup Decl. ¶ 5; Martini Decl. ¶ 6; Cochrane Decl. ¶ 3.

**Response 8:** Undisputed.

9.     If the Act is not declared invalid and enjoined, the Act will injure API members Exxon Mobil Corporation, Shell USA, Inc., Chevron Corporation, and BP America. Meyer Decl. ¶¶ 17-19; Torrence Decl. ¶¶ 10-22; Swarup Decl. ¶¶ 15-26; Martini Decl. ¶¶ 13-21; Cochrane Decl. ¶¶ 13-21.

**Response 9:** New York denies this statement because N.Y. Env't Conserv. Law § 76-0103(4)(a) requires DEC to promulgate regulations to carry out the Act within thirty months after the effective date of the Act and issue notices of cost recovery demands no later than June thirtieth of the fourth calendar year following the effective date of the Act for each responsible party's cost recovery demand, and DEC has not issued draft, let alone final, regulations to carry out the Climate Act, nor has DEC done any assessment of whether and to what extent any company may be a responsible party with a constitutionally sufficient nexus to the State to satisfy due process requirements.

In addition, New York does not have facts essential to oppose this statement because discovery, including discovery of the Chamber's declarants, has not been conducted. New York does not believe that this statement is material to the pending summary judgment motions so does not seek discovery at this time. If the statement is deemed material, New York requests an opportunity to conduct discovery as provided by its agreement with the Chamber.

10.    Such injuries include, for example, unrecoverable compliance costs, reputational harm, and the costs of defending against the Act's cost recovery demands. Meyer Decl. ¶¶ 17-19; Torrence Decl. ¶¶ 10-22; Swarup Decl. ¶¶ 15-26;

Martini Decl. ¶¶ 13-21; Cochrane Decl. ¶¶ 13-21.

**Response 10:** New York denies this statement because N.Y. Env't Conserv. Law § 76-0103(4)(a) requires DEC to promulgate regulations to carry out the Act within thirty months after the effective date of the Act and issue notices of cost recovery demands no later than June thirtieth of the fourth calendar year following the effective date of the Act for each responsible party's cost recovery demand, and DEC has not issued draft, let alone final, regulations to carry out the Climate Act, nor has the DEC done any assessment of whether and to what extent any company may be a responsible party with a constitutionally sufficient nexus to the State to satisfy due process requirements.

In addition, New York does not have facts essential to oppose this statement because discovery, including discovery of the Chamber's declarants, has not been conducted. New York does not believe that this statement is material to the pending summary judgment motions so does not seek discovery at this time. If the statement is deemed material, New York requests an opportunity to conduct discovery as provided by its agreement with the Chamber. New York also objects to this statement on the basis that injuries to reputational harm and the costs of defending against the Act's cost recovery demands are speculative.

11.     NMA is the leading national advocate for the mining industry, representing more than 250 member companies involved in the extraction, processing, and supply of coal, metals, and industrial and agricultural minerals. Sweeney Decl. ¶ 4.

**Response 11:** Undisputed.

12.     NMA advocates on behalf of its members, including by bringing lawsuits, when necessary, to challenge the legality of federal and state regulation of the coal mining sector. Sweeney Decl. ¶¶ 5-6.

**Response 12:** Undisputed.

13.     Among NMA's members are Peabody Energy, Core Natural Resources, and Alliance Resource Partners. Sweeney Decl. ¶ 12; Jarboe Decl. ¶ 6; Parrish Decl. ¶ 6; Slone Decl.7.

**Response 13:** Undisputed.

14.     If the Act is not declared invalid and enjoined, the Act will injure NMA members Peabody Energy, Core Natural Resources, and Alliance Resource Partners. Sweeney Decl. ¶¶ 14-18; Jarboe Decl. ¶¶ 14-25; Parrish Decl. ¶¶ 13-23; Slone Decl. ¶¶ 15-22.

**Response 14:** New York denies this statement because N.Y. Env't Conserv. Law § 76-0103(4)(a) requires DEC to promulgate regulations to carry out the Act within thirty months after the effective date of the Act and issue notices of cost recovery demands no later than June thirtieth of the fourth calendar year following the effective date of the Act for each responsible party's cost recovery demand, and DEC has not issued draft, let alone final, regulations to carry out the Climate Act, nor has the DEC done any assessment of whether and to what extent any company may be a responsible party with a constitutionally sufficient nexus to the State to satisfy due process requirements.

In addition, New York does not have facts essential to oppose this statement because discovery, including discovery of the Chamber's declarants, has not been conducted. New York does not believe that this statement is material to the pending summary judgment motions so does not seek discovery at this time. If the statement is deemed material, New York requests an opportunity to conduct discovery as provided by its agreement with the Chamber.

15.     Such injuries include, for example, unrecoverable compliance costs, reputational harm, and the costs of defending against the Act's cost recovery demands. Sweeney Decl. ¶ 14-18; Jarboe Decl. ¶¶ 14-25; Parrish Decl. ¶¶ 13-23; Slone Decl. ¶¶ 15-22.

**Response 15:** New York denies this statement because N.Y. Env't Conserv. Law § 76-0103(4)(a) requires DEC to promulgate regulations to carry out the Act within thirty months after the effective date of the Act and issue notices of cost recovery demands no later than June thirtieth of the fourth calendar year following the effective date of the Act for each responsible party's cost recovery demand, and DEC has not issued draft, let alone final, regulations to carry out the Climate Act, nor has the DEC done any assessment of whether and to what extent any company may be a responsible party with a constitutionally sufficient nexus to the State to satisfy due process requirements.

In addition, New York does not have facts essential to oppose this statement because discovery, including discovery of the Chamber's declarants, has not been conducted. New York does not believe that this statement is material to the pending

summary judgment motions so does not seek discovery at this time. If the statement is deemed material, New York requests an opportunity to conduct discovery as provided by its agreement with the Chamber. New York also objects to this statement on the basis that injuries to reputational harm and the costs of defending against the Act's cost recovery demands are speculative.

16. Plaintiff BCNYS is the largest statewide employer association in New York, representing more than 3,300 private sector businesses and industry groups across all sectors of the State's economy. Pokalsky Decl. ¶ 5.

**Response 16:** Undisputed.

17. BCNYS advocates on behalf of its members, including by bringing lawsuits, when necessary, to challenge the legality of New York regulation of business on behalf of its members and the broader business community in New York. *Id.* ¶ 6.

**Response 17:** Undisputed.

18. Among BCNYS's members are Exxon Mobil Corporation, BP America, and Revere Copper. Pokalsky Decl. ¶¶ 13, 21; Swarup Decl. ¶ 5; Cochrane Decl. ¶ 3.

**Response 18:** Undisputed.

19. If the Act is not declared invalid and enjoined, the Act will injure BCNYS members Exxon Mobil Corporation, BP America, and Revere Copper. Pokalsky Decl. ¶¶ 15-22; Swarup Decl. ¶¶ 15-26; Cochrane Decl. ¶¶ 13-21; O'Shaughnessy Decl. ¶¶ 9-11.

**Response 19:** New York denies this statement because N.Y. Env't Conserv. Law § 76-0103(4)(a) requires DEC to promulgate regulations to carry out the Act within thirty months after the effective date of the Act and issue notices of cost recovery demands no later than June thirtieth of the fourth calendar year following the effective date of the Act for each responsible party's cost recovery demand, and DEC has not issued draft, let alone final, regulations to carry out the Climate Act, nor has the DEC done any assessment of whether and to what extent any company may be a responsible party with a constitutionally sufficient nexus to the State to satisfy due process requirements.

In addition, New York does not have facts essential to oppose this statement because discovery, including discovery of the Chamber's declarants, has not been conducted. New York does not believe that this statement is material to the pending summary judgment motions so does not seek discovery at this time. If the statement is deemed material, New York requests an opportunity to conduct discovery as provided by its agreement with the Chamber.

20.  Such injuries include, for example, unrecoverable compliance costs, reputational harm, and the costs of defending against the Act's cost recovery demands. Pokalsky Decl. ¶¶ 15-22; Swarup Decl. ¶¶ 15-26; Cochrane Decl. ¶¶ 13-21; O'Shaughnessy Decl. ¶¶ 9-11.

**Response 20:** New York denies this statement because N.Y. Env't Conserv. Law §76-0103(4)(a) requires DEC to promulgate regulations to carry out the Act within thirty months after the effective date of the Act and issue notices of cost

recovery demands no later than June thirtieth of the fourth calendar year following the effective date of the Act for each responsible party's cost recovery demand, and DEC has not issued draft, let alone final, regulations to carry out the Climate Act, nor has the DEC done any assessment of whether and to what extent any company may be a responsible party with a constitutionally sufficient nexus to the State to satisfy due process requirements.

In addition, New York does not have facts essential to oppose this statement because discovery, including discovery of the Chamber's declarants, has not been conducted. New York does not believe that this statement is material to the pending summary judgment motions so does not seek discovery at this time. If the statement is deemed material, New York requests an opportunity to conduct discovery as provided by its agreement with the Chamber. New York also objects to this statement on the basis that injuries to reputational harm and the costs of defending against the Act's cost recovery demands are speculative.

21.     Defendant Letitia James is the New York Attorney General, and in her capacity as New York Attorney General, Defendant James is responsible for implementing and enforcing the Act. N.Y. Env't Conserv. Law § 76-0103(8).

**Response 21:** New York objects on the ground that Statement 21 calls for a legal conclusion. New York admits that Letitia James is the New York Attorney General, but clarifies that the Attorney General is "*authorized* to implement and enforce" the Act (N.Y. Env't Conserv. Law § 76-0103(8) (emphasis added)) and that the Act provides for DEC to promulgate regulations it determines are necessary to

11

implement the program, including provisions to identify responsible parties with sufficient connection with the state to satisfy the nexus requirements of the United States Constitution and to determine each party's applicable share of covered greenhouse gas emissions, as well as procedures for issuing notices of cost recovery demands. N.Y. Env't Conserv. Law § 76-0103(4)(a).

22.     Defendant Amanda Lefton is the Commissioner of the New York Department of Environmental Conservation, and in her capacity as Commissioner of the New York Department of Environmental Conservation, Defendant Lefton is responsible for implementing and enforcing the Act. *Id.* § 76-0103(8); *see also id.* § 1-0303(4), (11).

**Response 22:** New York objects on the ground that Statement 22 calls for a legal conclusion. New York admits that Amanda Lefton is the Commissioner of the DEC, but clarifies that the "department" is "*authorized* to implement and enforce" the Act. N.Y. Env't Conserv. Law § 76-0103(8) (emphases added).

23.     The New York State Legislature enacted the Climate Change "Superfund" Act, S.2129B, Chapter 679, Laws of 2024 ("Act" or "New York's Act") in 2024.

**Response 23:** Admitted.

24.     Governor Hochul signed the bill into law on December 26, 2024, on the condition of the New York State Legislature passing certain chapter amendments. S.2129B, Chapter 679, Laws of 2024.

**Response 24:** Admitted.

25. The New York State Legislature passed the chapter amendments on February 24, 2025, and the Governor signed those amendments into law on February 28, 2025. S.824, Chapter 100, Laws of 2025.

**Response 25:** Admitted.

26. The Act's sponsors in the New York State Legislature circulated a memorandum regarding the "Approximate List of Covered Companies under the Climate Change Superfund Act." Mem. from Sen. Liz Krueger and Assm. Jeffrey Dinowitz to Interested Parties at 1-2 (Oct. 20, 2023), https://perma.cc/4SUM-GNWB ("Covered Companies Memorandum"); Durbin Decl. 17; Meyer Decl. ¶ 16; Sweeney Decl. ¶ 13; Pokalsky Decl. ¶ 14; Torrence Decl. ¶ 9; Swarup Decl. ¶ 12; Martini Decl. ¶ 12; Cochrane Decl. ¶ 12; Jarboe Decl. ¶ 13; Parrish Decl. ¶ 12; Slone Decl. ¶ 14; *see also* Defs. Answer ¶ 75, ECF 80 (No. 1:25-cv-1307) (admitting "that the Act's sponsors created" the Covered Companies Memorandum and referring "the Court to the…memorandum as the best evidence and most complete statement of its contents").

**Response 26:** New York admits to the existence of the referenced memorandum but objects to its contents as inadmissible hearsay. *See* Fed.R.Civ.P 56(c)(2). In addition, New York objects because the Act provides for DEC to promulgate regulations, by June 26, 2027, which will include provisions for DEC to identify responsible parties with sufficient connection with the state to satisfy the nexus requirements of the Due Process Clause and to determine each party's

13

applicable share of covered greenhouse gas emissions, as well as procedures for issuing notices of cost recovery demands. N.Y. Env't Conserv. Law § 76-0103(4).

27.    The memorandum contains a list of 38 companies that, according to the Act's sponsors, are "in the cohort of entities that have released more than 1 billion tons of $CO_2$ in the prescribed period and have sufficient nexus with New York State such that the state could successfully enforce" a cost-recovery demand issued under the Act. Covered Companies Memorandum at 1-2; Durbin Decl. ¶ 17; Meyer Decl. ¶ 16; Sweeney Decl. ¶ 13; Pokalsky Decl. 14; Torrence Decl. ¶ 9; Swarup Decl. ¶ 12; Martini Decl. ¶ 12; Cochrane Decl. ¶ 12; Jarboe Decl. 13; Parrish Decl. ¶ 12; Slone Decl. ¶ 14; *see also* Defs. Answer ¶ 75.

**Response 27:** New York incorporates its response to Statement 26 by reference.

28.    For that list of energy producers, the memorandum lists the purported total tons of greenhouse gas emissions attributable to each producer, the tons of emissions counted against each producer under the Act (*i.e.*, those over one billion tons), each producer's percentage share of the total emissions counted under the law, and the anticipated penalties against each producer. Covered Companies Memorandum at 2; Durbin Decl. ¶ 17; Meyer Decl. ¶ 16; Sweeney Decl. ¶ 13; Pokalsky Decl. ¶ 14; Torrence Decl. ¶ 9; Swarup Decl. ¶ 12; Martini Decl. ¶ 12; Cochrane Decl. 12; Jarboe Decl. ¶ 13; Parrish Decl. ¶ 12; Slone Decl. ¶ 14; *see also* Defs. Answer ¶ 75.

**Response 28:** New York incorporates its response to Statement 26 by reference.

29. That memorandum names, among other energy producers, "Exxon Mobil," "Shell," "BP," "Chevron," "Peabody," and "Alliance Res[ource] P[artners]," as well as "Arch Coal" and "CONSOL Energy" (now merged as Core Natural Resources) entities. Covered Companies Memorandum at 2; Durbin Decl. ¶ 17; Meyer Decl. ¶ 16; Sweeney Decl. ¶ 13; Pokalsky Decl. 14; Torrence Decl. ¶ 9; Swarup Decl. ¶ 12; Martini Decl. ¶ 12; Cochrane Decl. ¶ 12; Jarboe Decl. 13; Parrish Decl. ¶ 12; Slone Decl. ¶ 14; *see also* Defs. Answer ¶ 75.

**Response 29:** New York incorporates its response to Statement 26 by reference.

30. Assemblymember Dinowitz stated during the legislative floor debate on the Act that "Exxon Mobil, Shell, BP, [and] Chevron" would "have to participate" in paying penalties under the Act. N.Y. State Assembly, June 7, 2024 Chamber Debate, 2023-24 Legislative Session, at 305 (June 7, 2024), https://perma.cc/B4BA-8KMU; Torrence Decl. ¶ 9; Swarup Decl. ¶ 13; Martini Decl. ¶ 12; Cochrane Decl. ¶ 12.

**Response 30:** New York admits that the quoted statements appear in the referenced transcript but objects to the quoted statements as inadmissible hearsay. *See* Fed.R.Civ.P 56(c)(2). In addition, New York objects because the Act provides for DEC to promulgate regulations, by June 26, 2027, which will include provisions for DEC to identify responsible parties with sufficient connection with the state to satisfy the nexus requirements of the Due Process Clause and to determine each party's applicable share of covered greenhouse gas emissions, as well as procedures for

15

issuing notices of cost recovery demands. N.Y. Env't Conserv. Law § 76-0103(4).

31.     Likewise, the official New York State Assembly memorandum in support of the Act specifically mentions "Chevron" and "ExxonMobil" in discussing their purported "capital investments in low-carbon sources" and their "immense profits" being "a market failure that needs to be addressed through policy change." Mem. from Assm. Jeffrey Dinowitz to New York State Assembly, Mem. in Support of Legis. A3351B, https://perma.cc/RAN5-3EBE; Swarup Decl. ¶ 13; Martini Decl. ¶ 12.

**Response 31:** New York admits to the existence of the referenced memorandum but objects to its contents as inadmissible hearsay. *See* Fed.R.Civ.P 56(c)(2). In addition, New York objects because the Act provides for DEC to promulgate regulations, by June 26, 2027, which will include provisions for DEC to identify responsible parties with sufficient connection with the state to satisfy the nexus requirements of the Due Process Clause and to determine each party's applicable share of covered greenhouse gas emissions, as well as procedures for issuing notices of cost recovery demands. N.Y. Env't Conserv. Law § 76-0103(4).

32.     New York's Governor and Legislative Leaders issued a press release on December 26 when Governor Hochul signed the bill into law that included statements that "[n]ow Big Oil will pay for much of the damages that they helped cause" and other comments targeted "fossil fuel companies," noting that they needed to "pay." Governor Kathy Hochul, Governor Hochul Signs Landmark Legislation Creating New Climate Superfund (Dec. 26, 2024), https://perma.cc/RW9B-NMJF[1].

---

[1] The Court may take judicial notice of the official government websites cited in

**Response 32:** New York admits that the referenced press release was issued on December 26 and includes the quoted statements but objects to the press release's contents as inadmissible hearsay. *See* Fed.R.Civ.P 56(c)(2). In addition, New York objects because the Act provides for DEC to promulgate regulations, by June 26, 2027, which will include provisions for DEC to identify responsible parties with sufficient connection with the state to satisfy the nexus requirements of the Due Process Clause and to determine each party's applicable share of covered greenhouse gas emissions, as well as procedures for issuing notices of cost recovery demands. N.Y. Env't Conserv. Law § 76-0103(4).

33.     The majority of fossil fuel extraction and refining activities in the United States and worldwide occurred beyond New York's borders for the 25-year period covered by the Act. *See* U.S. Energy Info. Admin., New York State Profile (Jan. 16, 2025), https://perma.cc/E6F2-GFQW; *see also* Meyer Decl. ¶ 12.

**Response 33:** Undisputed.

34.     New York produces only a "small amount of natural gas and crude oil," but it has no coal mines or oil refineries. U.S. Energy Info. Admin., New York State Profile (Jan. 16, 2025), https://perma.cc/E6F2-GFQW; *see also* N.Y. State Energy Planning Bd., Summary for Policymakers: Draft New York State Energy Plan, at 10, 30 (July 2025), https://perma.cc/3529-EWLS; Meyer Decl. ¶ 12.

---

paragraphs 32-34. *See, e.g.*, *Dark Storm Indus. LLC v. Cuomo*, 471 F. Supp. 3d 482, 490 n.2 (N.D.N.Y. 2020) ("The Court may take judicial notice of documents . . . retrieved from official government websites or other government records from such websites." (cleaned up))*; see also Desclafani v. Pave-Mark Corp.*, 2008 WL 3914881, at *5 n.7 (S.D.N.Y. Aug. 22, 2008) (noting that "any facts subject to judicial notice may be properly considered in a motion for summary judgment" (citation omitted)).

**Response 34.** Undisputed.

Dated:      December 19, 2025
            Albany, New York

                                        LETITIA JAMES
                                        Attorney General of the State of New York
                                        *Attorney for Defendants*

                                By:     */s/Ayah F. Badran*
                                        Ayah F. Badran (Bar No. 706184)
                                        Assistant Attorney General
                                        Office of the New York State Attorney General
                                        Environmental Protection Bureau
                                        The Capitol
                                        Albany, NY 12224
                                        (518) 776-2394
                                        ayah.badran@ag.ny.gov

                                        Monica Wagner (Bar No. 706690)
                                        Deputy Bureau Chief

                                        Sabita Krishnan (Bar No. 706712)
                                        Laura Mirman-Heslin (Bar No. 704855)
                                        Joya Sonnenfeldt (Bar No. 706511)
                                        Assistant Attorneys General
                                        Office of the New York State Attorney General
                                        Environmental Protection Bureau
                                        28 Liberty Street
                                        New York, NY 10005
                                        (212) 416-8184