**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
ALBANY DIVISION**

| | |
|---|---|
| STATE OF WEST VIRGINIA, et al., <br> *Plaintiffs*, <br> v. <br> LETITIA JAMES, et al., <br> *Defendants*. | Civil Action No. 1:25-cv-168 (BKS/DJS) |

**UNOPPOSED MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF**

Pursuant to Local Rule 7.2, West Harlem Environmental Action, Inc., Black Farmers United-New York State, Inc., Citizens Campaign for the Environment, and Catskill Mountainkeeper (collectively, "Amici") respectfully move for leave to file the accompanying amicus brief in support of Defendants' motion for summary judgment, and in opposition to Plaintiffs' motions for summary judgment, in the above-captioned matter. Defendants and the State Plaintiffs consent to the filing of the amicus brief, and the remaining Plaintiffs do not oppose. In support of this motion, Amici state as follows:

Amici are four New York-based nonprofit organizations devoted to addressing various aspects of the climate crisis, including adaptation and resilience, and they stand to benefit from the Climate Change Superfund Act (the "Act") challenged in this case. Amici's members, supporters, and communities include farmers, conservationists, and individuals living in low-income communities and communities of color who face severe risks from climate change. The climate adaptation projects the Act seeks to fund will help protect Amici's communities—in regions ranging from the Great Lakes to the Catskills to New York City and Long Island—from these climate risks. Amici have a compelling interest in upholding the Act and preserving its substantial benefits. Because of their interest in the Act, Amici previously sought to intervene in

1

this case. *See* Mot. Intervene, Dkt. No. 130; R. & R., Dkt. No. 187; Order on Mot. Intervene, Dkt. No. 220 (adopting report-recommendation and denying motion to intervene). Several Amici here were also granted permission to file an amicus brief in the United States' pending lawsuit challenging the same statute. *See* Order at 2, *United States v. New York*, No. 25-cv-3656-PKC (S.D.N.Y. Oct. 29, 2025), Dkt. No. 94.

"A district court has broad discretion to grant or deny an appearance as amicus curiae in a given case." *Pratt v. Indian River Cent. Sch. Dist.*, No. 7:09-cv-0411 (GTS/GHL), 2010 WL 11681606, at *2 (N.D.N.Y. Dec. 6, 2010) (citation omitted). The court considers whether an amicus brief would be "helpful" and whether the "the matters asserted are relevant to the disposition of the case." L.R. 7.2(b). An amicus brief should "normally be allowed" when the amicus offers "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Pratt*, 2010 WL 11681606, at *3 (citation omitted); *see also Onondaga Indian Nation v. State*, No. 97-cv-445, 1997 WL 369389, at *2 (N.D.N.Y. June 25, 1997) ("The usual rationale for amicus curiae submissions is that they are of aid to the court and offer insights not available from the parties." (citation omitted)). The court is also more likely to allow amicus participation in cases involving "matters of public interest." *Pratt*, 2010 WL 11681606, at *3.

The proposed amicus brief is helpful and will assist the Court in resolving the case. Because of their advocacy experience, subject-matter expertise, and connection to communities harmed by climate change, Amici offer a unique perspective on the critical need for climate adaptation that motivated the Act's passage. The brief provides information and data about the toll of climate change and the cost of climate adaptation not included in the parties' briefs. The brief also provides important legal context by showing that the Act is an exercise of traditional

2

state authority, does not conflict with the historical federal common law of interstate pollution, and is distinguishable from the tort claims at issue in *City of New York v. Chevron Corp.*, 993 F.3d 81 (2d Cir. 2021), the principal case on which Plaintiffs rely. These points are relevant to the preemption claims on which the parties have cross-moved for summary judgment. Amici's perspective on these issues will be "helpful"—even though Defendants are "represented by competent counsel"—because it will "help[] ensure that there has been 'a complete and plenary presentation of difficult issues so that the court may reach a proper decision.'" *C & A Carbone, Inc. v. Cnty. of Rockland*, No. 08-cv-6459-ER, 2014 WL 1202699, at *4 (S.D.N.Y. Mar. 24, 2014) (citation omitted). Finally, the significant public interest at stake in this case weighs in favor of allowing Amici—who have substantial interests in preserving the Act—to participate. *See* Order on Mot. Intervene 17 (granting amici status to then-proposed intervenors could ensure the Court benefits from additional information they may have); *see also Pratt*, 2010 WL 11681606, at *3 (court is more likely to allow amicus participation in cases involving matters of public interest).

In accordance with Local Rule 7.2(c), this motion is being filed within 7 days after Defendants filed their brief for summary judgment. *See* Dkt. No. 230-1 (Dec. 20, 2025). The proposed amicus brief, a proposed order, and a corporate disclosure statement accompany this motion.

*    *    *

For the reasons stated above, Amici respectfully request that the Court grant their motion for leave to file the proposed amicus curiae brief.

Dated: December 22, 2025				Respectfully submitted,

/s/ Michelle Wu
Michelle Wu (NDNY Bar No. 706205)
Mitchell S. Bernard (NDNY Bar No. 104409)
Natural Resources Defense Council, Inc.
40 West 20th Street, 11th Floor
New York, NY 10011
(646) 889-1489
michellewu@nrdc.org
mbernard@nrdc.org

/s/ Dror Ladin
Dror Ladin (NDNY Bar No. 705171)
Earthjustice
48 Wall Street, 15th Floor
New York, NY 10005
(917) 410-8701
dladin@earthjustice.org

*Counsel for West Harlem Environmental Action, Inc., Black Farmers United-New York State, Inc., Citizens Campaign for the Environment, and Catskill Mountainkeeper*

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing using the Court's CM/ECF system on December 22, 2025, which will serve all counsel of record in this matter.

                                                /s/ Michelle Wu